CASE 72—PETITION EQUITY—FEBRUARY 8.

# Strode vs. Strode.

#### APPEAL FROM CAMPBELL CIRCUIT COURT.

1.  In an action for divorce, in the Campbell circuit court, the allegation of plaintiff, that she was a resident of said county, omitting the words "in Kentucky," is sufficient, as the courts know judicially that there is such a county in Kentucky, and cannot assume that a plaintiff, who alleges the county of Campbell to be her residence, and brings an action in that county, in this State, can mean that she is a resident of a county of that name in another State.

2.  A woman, whose former husband has been absent from the State of his residence more than five years, and has not, within that period, been heard from, is lawfully competent to enter into a marriage contract. (*Stant. Rev. Stat., vol.* 1, *p.* 380.)

3.  A man, concealing the fact that he had a living wife in Texas, married a second wife in this State, and subsequently abandoned her. The Kentucky wife, being blameless, is entitled to alimony.

J. R. HALLAM,

J. F. HALLAM, and

WADSWORTH & CAMPBELL,        For Appellant,

CITED—

    *Revised Statutes,* 1 *Stanton,* 380, *and* 2 *Stanton,* 20, 21, *and note.*

    15 *B. Monroe,* 59; *Wilmore vs. Wilmore.*

    *Civil Code, sec.* 461.

    *Rev. Stat., sec.* 2, *subsecs.* 3, 5, 2 *Stanton,* 4.

    8 *B. Mon.,* 116; *Donelly vs. Donelly's heirs.*

    12 *Howard,* 472; *Gaines vs. Relf.*

    *Bishop,* "*Divorce, Marriage,*" *secs.* 563, 592, 611, *and cases cited.*

    2 *B. Mon.; Logan vs. Logan.*

    *Bishop, M. and D., secs.* 205, 206.

    6 *Howard,* 550–2; *Patterson vs. Gaines.*

Strode vs. Strode.

E. W. HAWKINS,                                    For Appellee,

CITED—

*Rev. Stat., chap. 47, art. 3, sec. 4.*
*Rev. Stat., chap. 28, art. 4, sec. 9.*
12 *B. Mon.*, 287; *McDonald vs. Fleming.*

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

The weight of evidence conduces very decidedly to the conclusion, that, when this action was instituted, appellee was a resident of Campbell county, in Kentucky; and the allegation that she was a resident of said county, omitting the words "*in Kentucky*," is sufficient for the purposes of this action, as the courts know judicially that there is such a county in Kentucky, and cannot assume that a plaintiff in an action, who alleges the county of Campbell to be her residence, and brings an action in that county, in this State, can mean that she is a resident of a county of that name in another State.

Appellant avers, in his answer, that, when he married appellee, he had a wife living in the State of Texas, from whom he had not been divorced. This fact he does not allege he ever disclosed to her, or that she knew it, or had the means of being informed on the subject. He concealed his marriage in Texas from her; she, therefore, believed appellant to be her lawful husband when she married him, and had no reason to doubt it until he disclosed in his answer that he had another wife. She was first deceived and then abandoned by him, as the best way, perhaps, in his opinion, to escape the consequence of his misconduct. She was under no disability; her former husband had then been absent from the State of his residence more than five years, and had not, within that period, been heard from;

she was, therefore, lawfully competent to enter into a marriage contract. (*R. S., vol.* 1, 380.)

But it is insisted for appellant that the marriage between these parties was void *ab initio ;* that the sentence of nullity was only declaratory of their legal state and condition ; and therefore appellee cannot be entitled to a judgment against him for alimony, or any allowance for a support; that he is not estopped to deny the validity of his marriage with her, and the case of *Donnelly vs. Donnelly's heirs* (8 *B. Mon.*, 113) is not an authority to sustain the contrary doctrine.

In that case, Donnelly had a wife living in the State of Maryland when he married a woman in Kentucky, who, after his death, claimed dower in his estate.

The Maryland woman died some six or eight years before Donnelly did. After her death, he and the woman in Kentucky continued to cohabit as husband and wife, recognizing that relation as subsisting between them, with the understanding and reputation that they were husband and wife, and sustaining good characters, with no impediment to a lawful marriage between them for· more than six years before the death of Donnelly; from all of which the court concludes a marriage between them will be presumed after the death of the wife in Maryland, without proof of an actual marriage.

But, even if that should be an erroneous conclusion, the court said Donnelly's heirs could not avail themselves of the statute of limitations to defeat Mrs. Donnelly's claim for the value of the property she owned at the time she married Donnelly, and which he got with her upon their marriage, and which she claimed, if she could not get dower in his estate, because "Donnelly himself, so far from being able to rely upon it, would be estopped to deny that she was his lawful

wife;" and again, in the opinion in the further discussion of the question, it is declared that it was a relation which he would be estopped to deny; and she was, for that reason, adjudged dower in his estate.

The estoppel did not operate, because the parties, after the death of the Maryland wife, cohabited together as husband and wife; and there being then no impediment in the way of a lawful marriage, and that the law would presume an actual marriage, but upon altogether a different principle, viz: that a party who had perpetrated such a wrong would not be heard, and should not be allowed to avail himself of his own wrong to protect from its consequences; and his heirs claiming under him would be in no better condition.

But, independent of that case, it has been held it England, that where the marriage was void, and the woman was of good character and blameless in the affair, she would be allowed a sum in *solido nomine expensarum*. (*Bish. on Marriage and Divorce, note to sec.* 563.) And it has been held in some of the States that alimony will be granted on a divorce from the bond of matrimony as well as from bed and board; and this court has heretofore sanctioned allowances for alimony, upon the dissolution of the marriage relations, where the woman has been blameless; and the weight of authority is to that effect.

But the allowance made to appellee, compared with the value of the estate of appellant, and in connection with his advanced age and inability to labor, is too large in amount, and too long in duration. The judgment should have been against appellant for one hundred dollars *per annum* for the period of five years, if appellee should live single so long; and to cease upon her marriage; the first installment to be estimated as

due the 20th of July, 1867, the date of the judgment, and the others to be paid annually thereafter; and appellant must pay the costs of the two suits; but he will not be made to pay her attorney's fees, as the allowance of two hundred and fifty dollars for maintenance, previously made, is deemed sufficient to enable her to pay her attorneys. For the payment of the annuities, as well as the two hundred and fifty dollars before allowed, appellee will have a lien on the estate of appellant. Wherefore, the judgment is *reversed*, and the cause remanded for further proceedings consistent' herewith.