## Layman-Calloway Coal Company, etc. v. Martin.

(Decided June 19, 1925.)

### Appeal from Bell Circuit Court

1. Master and Servant—Wife Conclusive Presumed Dependent.— Under workmen's compensation act (Kentucky Statutes, section 4894) a wife, who has not voluntarily abandoned her husband, is conclusively presumed dependent.
2. Master and Servant—Abandoned Wife Held Conclusively Presumed Dependent, Notwithstanding Illicit Cohabitation.—Under Kentucky Statutes, section 4894, wife abandoned by husband, who never offered to resume marital relations held conclusively presumed dependent notwithstanding after such abandonment she illicitly cohibited with another and gave birth to an illegitimate child.

SAMPSON & SAMPSON and C. T. DOTSON for appellants.

JAMES S. GOLDEN for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

On January 15, 1922, James Martin, an employe of appellant, Layman-Calloway Coal Company, was killed by accident arising out of and in the course of his employment. His surviving widow, the appellee, Mrs. James Martin, applied to the workmen's compensation board for compensation. Upon the hearing the board, holding that she had voluntarily abandoned her husband at the time of the accident and was not dependent upon him, refused her an award. She appealed to the circuit court, where it was held that she was entitled to compensation. The appellants, deceased's employer and its insurance company, prosecute this appeal from the judgment of the circuit court.

The following are the findings of facts upon which the workmen's compensation board refused appellee compensation:

"James Martin was killed by an industrial accident January 15, 1922, by an accident arising out of and in the course of his employment. At the time of the accident resulting in his death, both the deceased employe and the company had elected to accept the provisions of the workmen's compensation act as required by law.

"Deceased and claimant herein were married September 10, 1917, but after four or five months he abandoned her and thereafter lived separate and apart from her and did not contribute to her support. On November 20, 1921, claimant gave birth to an illegitimate child, not recognized nor supported by deceased, but which was the child of Frank Bush. After the separation of said parties, claimant filed suit for divorce against deceased employe, alleging statutory grounds of abandonment, but said action was not prosecuted to judgment."

It appears from the record that the finding of facts is sustained by the evidence. Under those facts the board held as a matter of law, under section 4894, Kentucky Statutes, that the surviving widow was not entitled to compensation and dismissed her petition.

The solution of the question turns upon a construction of this portion of that act:

"The following persons shall be presumed to wholly dependent upon a deceased employe: (a) A

wife upon a husband whom she had not voluntarily abandoned at the time of the accident."

With reference to a surviving widow, under the statute above, this court has held that unless she had voluntarily abandoned her husband the presumption of dependency is conclusive. It follows then with relation to a surviving wife that if it appear that the marriage relation has been abandoned the question of fact is then presented: Did she voluntarily abandon her husband? If it be determined as a matter of fact that she had not voluntarily abandoned her husband the investigation need proceed no further, because, under the statute, in that state of case the conclusive presumption of dependency then attaches and the wife is entitled to compensation. (See United States Coal & Coke Company v. Burrel, et al., 205 Ky. 777; and Willa Jones, by next friend v. Louisville Gas & Electric Company, et al., 209 Ky. 642.) Applying that rule to the facts of this case, as found by the workmen's compensation board, this court has concluded that the board was in error in dismissing appellee's petition and that the Bell circuit court correctly held her to be entitled to an award of compensation.

Appellee and the deceased employe were husband and wife. After living together some four or five months as such, as shown by the uncontradicted evidence and as found by the board, her husband abandoned her. They lived apart approximately four years before deceased was killed. Some two years after the separation appellee gave birth to an illegitimate child. That fact was held by the board to operate as a voluntary abandonment by the wife of the husband and because of it the award was refused her.

It certainly is true that if while living together as husband and wife she should be guilty of such lewd and adulterous conduct as to force him to abandon her the abandonment would be attributed to her and she would be held to have voluntarily abandoned him within the meaning of the statute, *supra*. That case, however, is not presented here. So far as this record discloses and as found by the board, the wife was wholly without fault at the time she was abandoned by her husband; and the fact that they ceased to live together as husband and wife can not be said to have resulted because she voluntarily abandoned him.

If the evidence had disclosed that after having abandoned her the husband sought upon proper terms again to take up the marital relation and that the wife refused to do so she might be held to have voluntarily abandoned him within the meaning of the statute. But such is not this case. He abandoned her, and so far as the record discloses never offered or gave her the opportunity to resume the marital relation. The statute does not provide for inquiry into the wife's subsequent life and conduct. The sole rule for determining the question here presented as fixed by the statute is by inquiry into whether or not the wife had voluntarily abandoned her husband. If the legislature had seen fit to make the conduct or misconduct of the wife subsequent to her husband's abandonment of her determinative of the question it might have done so. The act provides that a wife shall be presumed to be dependent upon her husband unless she had voluntarily abandoned him. We conclude that by so providing the legislature intended that when it is determined that the abandonment was not voluntary upon the part of the wife, the conclusive presumption of dependency would then attach. We conclude that the board having found in this case that the wife did not voluntarily abandon her husband but that he abandoned her, and that he never subsequently offered to resume the marital relation and she never refused to do so, the conclusive presumption of dependency thereupon attached and inquiry into appellee's mode of life thereafter was unwarranted, in that it shed no light on whether she voluntarily abandoned him.

Wherefore, the judgment of the Bell circuit court holding appellee entitled to compensation is affirmed.

The whole court sitting.