# Ramey et al. v. Portsmouth By-Product Coke Company.

(Decided April 25, 1930.)

K. D. KEESEE for appellants.

HARMAN, FRANCIS & HOBSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Myrtle Ramey and Earl Miller are asking us to reverse a judgment setting aside an award of compensation made to them by the Workmen's Compensation Board and to reinstate that award.

Myrtle Ramey was a Miss Kinder; she married Asa Miller, by whom she had one child, the appellant Earl Miller. She and Asa Miller were divorced, and on July 10, 1922, she married Miles Ramey. They were not happy together, and they frequently separted. The evidence shows Mrs. Ramey became unfaithful to Miles, and their domestic peace was thereby further disturbed.

Mrs. Ramey received, kept, and entertained in the home Vesta Sanders and Stella McClannahan, women shown to be of bad repute and easy virtue. Mr. and Mrs. Ramey lived in Freeburn, a coal-mining camp, near the mouth of Peter creek, and the evidence shows men visited these women in her home, and Mrs. Ramey made with men frequent and questionable excursions up the stream mentioned, and she soon had or acquired for herself a very unsavory reputation.

Soon she began to associate with one Ralph Sanders, under such circumstances (for example, being found in her nightclothes in bed with him) as to prove her to be unchaste. These things Mrs. Ramey does not deny.

The evidence is that Ralph Sanders is a desperate and dangerous man, and that Miles knew that. Miles said he would either have to kill some one, get killed, or leave; so he canvassed the town, paid his bills, notified the merchants to make no further sales to Mrs. Ramey on his credit, and left, taking with him his trunk and possessions.

He never lived with her again, and on February 10, 1927, Miles was killed by slate falling on him, in the mine where he was at work. Mrs. Ramey did not even attend his funeral, but within a few days she filed a claim with the Workmen's Compensation Board for compensation

for his death. That board, through one of its members, allowed her and her son Earl Miller, Miles Ramey's stepson, $12 per week for 385 weeks, and, when the matter was reviewed by the full board, it confirmed the award.

A review was sought in the circuit court, and the award was set aside, and Mrs. Ramey and Earl Miller have appealed to this court and ask us to reinstate it.

To entitle these claimants to compensation, there must be some competent evidence showing dependency, and there was none. For the claimants, the contention is made that by section 4894 these claimants are presumed to be dependent. The applicable provisions of section 4894 are:

> "(a) A wife upon a husband whom she had not voluntarily abandoned at the time of the accident; . . . (c) a child or children under the age of sixteen years or over sixteen years if incapacitated from wage-earning, upon the parent with whom such child or children are living or by whom actually supported at the time of the accident."

We construed this statute in Layman-Calloway Coal Co. v. Martin, 209 Ky. 690, 273 S. W. 496, 497, and said:

> "It certainly is true that, if while living together as husband and wife, she should be guilty of such lewd and adulterous conduct as to force him to abandon her, the abandonment would be attributed to her, and she would be held to have voluntarily abandoned him within the meaning of the statute, supra."

Compensation was allowed Mrs. Martin in that case because it was shown that the irregularities in her life occurred after her husband left her, but in this case Mrs. Ramey's life was rather irregular before her husband left, and the separation here was caused thereby.

Mrs. Ramey's acts and conduct were such as to constitute an abandonment by her of her husband; hence the finding of the circuit court, denying her compensation, is correct, and the finding of the Workmen's Compensation Board, allowing her compensation, is erroneous.

There remains the claim of Earl Miller, the eleven year old stepson of Ramey. Is compensation due him? This carries us back to provision (c) of section 4894, copied above. Earl Miller was the stepson of Miles Ramey, but, because of section 4895, Ky. St., his legal

status is the same that it would have been if Miles Ramey had been his father. The resistance to the claim of Earl Miller is based on the proven fact that, at the time Miles Ramey left, he abandoned both his wife and stepson, and that this abandonment continued until the death of Miles, and Earl Miller was neither living with nor supported by Miles Ramey when he died

This controversy has grown out of provision (c) of sec. 4894, Ky. Stats. Appellants contend the last part of that provision applies only to children over sixteen years of age, while for appellee it is contended it applies to both classes, those under as well as those over sixteen.

The appelle is right, it applies to both classes; no child is presumed to be dependent on a parent unless it actually lives with or is supported by that parent.

To raise a presumption that a child was dependent on a deceased parent or step-parent, there must be proof to establish both the relationship and that the child actually lived with or was supported by the deceased.

In the event the child is over sixteen, the proof must go further and show the child is incapacitated for wage-earning.

In view of this construction of section 4894, it follows the judgment of the trial court is correct, and it is affirmed.

Whole court sitting