## Veith et al. v. Patterson.

(Decided January 13, 1931.)

GALVIN & TRACY for appellants.

JOHN H. KLETTE and BLAKELY & MURPHY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

William Patterson and his employer, John A. Veith, had accepted and were operating under the provisions of the Workmen's Compensation Act. As the result of an accident arising out of and in the course of his employment, Patterson, on November 4, 1927, received injuries which resulted in his death on December 18, 1927. On the divorce of Patterson from his wife, he was awarded the custody of their child, Jennie May Patterson. On May 23, 1927, Jennie May Patterson was committed to the Kentucky State Reform School, an institution maintained by the state, and was an inmate of that institution both at the time her father was injured and at the time of his death. She was paroled on or about November 1, 1928, which was about a year subsequent to the accident. Her father supported her up until the time of her commitment to the reform school, but contributed nothing to her support after that time. At the time of her committment to the reform school, and at the time of the accident to, and the death of, her father, she was under 16 years of age.

After the death of her father, Jennie May Patterson applied to the Workmen's Compensation Board for compensation, and compensation was denied. On petition for review, the Kenton circuit court set aside the order of the board and directed the board to reopen the case and award Jennie May Patterson compensation on the basis that she was a dependent of William Patterson within the meaning of the provisions of the Workmen's Compensation Act. The employer appeals.

The facts are agreed, and the case, which presents only a question of law, turns on the proper interpretation of the Workmen's Compensation Act.

Subsection 4, sec. 4893, Kentucky Statutes, provides: "All relations of dependency herein referred to shall be construed to mean dependency existing at the time of accident to the employee."

Section 4894, Kentucky Statutes, provides in part: "The following persons shall be presumed to be wholly dependent upon a deceased employee; (a) A wife upon a

husband whom she had not voluntarily abandoned at the time of the accident; (b) a husband incapacitated from wage-earning, upon a wife whom he has not voluntarily abandoned at the time of the accident to the wife; (c) a child or children under the age of sixteen years, or over sixteen years if incapacitated from wage-earning, upon the parent with whom such child or children are living or by whom actually supported at the time of the accident. In all other cases the relation of dependency in whole or in part shall be determined in accordance with the facts of each case existing at the time of the accident, but no person shall be considered a dependent in any degree unless he be living in the household of the employee at the time of the accident, or unless such person bears to the employee the relation of father, mother, husband or wife, father-in-law or mother-in-law, grandfather or grandmother, child or grandchild, or brother or sister of the whole or half blood.''

Construing subsection (c) of section 4894, supra, we have held that the words ''upon the parent with whom such child or children are living or by whom actually supported at the time of the accident'' apply alike to a child or children over 16 years, if incapacitated from wage-earning, and to a child or children under the age of 16 years, with the result that no child is presumed to be dependent on a parent unless actually living with, or supported by, that parent at the time of the accident. Ramey v. Portsmouth By-Product Coke Co., 234 Ky. 75, 27 S. W. (2d) 415. Upon a reconsideration of the question we see no reason to depart from that construction. To stop short with the words ''child or children under 16 years of age'' would leave out of consideration the parent upon whom such child or children were dependent. It is true that in the case of Fordson Coal Co. v. Burke, 219 Ky. 770, 294 S. W. 497, we held that the relation of dependency should be determined in the light of prior events, and should not be controlled by an unusual temporary situation, but it hardly can be said that the situation here presented is only temporary. At the time of the accident, Jennie May Patterson had been confined in the reform school for more than six months, and during that period she had neither lived with, nor been supported by her father. Nor was she living with, or being supported by him at the time of the accident. In the circumstances she was not a dependent within the meaning of the act.

While we regret this conclusion, it is due entirely to the fact that no provision was made in the statute to meet a case. like this, and we cannot reach a different conclusion without doing violence to the statute, which is as binding on us as on the parties coming within its provisions. This view finds support in those jurisdictions where actual dependency at the time of the accident is a prerequisite to compensation, and it is generally held that claimants who are being cared for.in the workhouse, reformatory, or asylum are not dependent within the meaning of the Compensation Acts. Roberts et al. v. Whaley et al., 192 Mich. 133, 158 N. W. 209, L. R. A. 1918A, 189; Rees v. Penrikyber Navigation Colliery Co., (1903) 1 K. B. 259, 72 L. J. K. B. 85, 87 L. T. 661, 19 L. S. R. 113; Trainer v. Robert Addie & Sons Collieries, Ltd., 42 Sc. L. R. 85, 7 F. 115, 12 S. C. L. S. 460; Berlin v. Cheskey, Wis. Ind. Com. Dec. 22, 1913. Of course cases like Federal Mutual Liability Ins. Co. v. Industrial Accident Commission, 195 Cal. 283, 233 P. 335, and Vigo American Clay Co. v. Kelley, 82 Ind. App. 675, 147 N. E. 301, which arose in jurisdictions where actual dependency is not required, but the dependency of the child turns on whether his parent is under legal duty to support him, are not in point and cannot be regarded as announcing a contrary rule.

It follows that the judgment of the circuit court was not in conformity with the act.

Judgment reversed, and cause remanded, with directions to affirm the award of the Workmen's Compensation Board.