## Franklin Fluorspar Co. v. Bell et al.

(Decided Feb. 17, 1933.)

CLARENCE G. SOWARD for Durad and Charles G. Bell and Helen (Bell) White.

POSTLEWEIGHT & POSTLEWEIGHT for Nellie (Bell) Bennett, and NUNN & WALLER for appellant.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Durad Bell died on October 28, 1929, as the result of injuries received while he was employed by the appellant. Both the employer and employee had accepted the provisions of the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.), and the employer concedes that it is liable for compensation if the employee left any legal dependents.

This appeal presents a number of novel questions growing out of the complexity of the decedent's domestic relations. Durad Bell married Helen Jennings in 1922, or 1923, and two children were born of that marriage, the appellees, Durad Bell, Jr., and Charles G. Bell. On August 20, 1925, when the younger of the two children was only a few months old the decedent, who was then living in Fairview, Ill., abandoned his wife and children, and from that time never lived with them or contributed anything to their support. He and his wife were never divorced. Helen Bell never saw her husband after he abandoned her, but in June, 1929, a few months before his death, he went to the home of his father-in-law, John Jennings, with whom the children were living in Fairview, Ill., and gave each of the children 40 cents. On July 30, 1929, he procured a marriage license at Harrisburg, Ill., and went through a formal marriage ceremony with Nellie Catiller, and they lived together as man and wife until his death.

After the death of Durad Bell, a claim was filed with the Workmen's Compensation Board in behalf of the two infant children by their grandfather and next friend, John Jennings. At the hearing it develop'd that Helen Bell had married Ernest White on March 22, 1930, which was 4 months and 24 days after her first husband's death. She waived compensation for that period in favor of her children. On October 7, 1930, the board ruled that the children were not entitled to compensation because they neither lived with nor were supported by their father, the deceased employee, at the time of the accident which resulted in his death. A petition for review by the whole board was filed, and while this was pending a claim was filed by Nellie Catiller Bell through her father as her next friend, she being 17 years of age. The board dismissed the claim of the children, but held that Helen Jennings Bell and Nellie Catiller Bell were both entitled to compensation, and

an award was made of $6 per week to each for 4 months and 24 days, the period following the employee's death during which Helen remained unmarried, and thereafter full weekly compensation was awarded to Nellie Bell.

Petitions for a review of this award were filed in the Crittenden circuit court both by the employer and by the next friend of the children. On August 29, 1931, and while the case was pending in the circuit court, Nellie Bell married one Bennett. The circuit court adjudged that the compensation should be divided into four equal parts, and from the death of Durad Bell until Helen's remarriage, a period of twenty and five-sevenths weeks, Helen and Nellie and the two children should receive $3 per week each, and from then until Nellie's remarriage, a period of seventy five and one-seventh weeks, she and the two children should receive $4 per week each, and after that the full compensation should go in equal shares to the two children. From this judgment the Franklin Fluorspar Company has appealed, and Nellie Bell Bennett has prayed a cross-appeal, claiming that she is entitled to full compensation from the date of Helen Bell's remarriage to the date of her own remarriage.

We shall first consider the claim of the children. The circuit court was of the opinion that the deceased was under a moral and legal obligation to support his children, and that therefore they were dependents within the meaning of the Workmen's Compensation Act. The children were not living with the deceased at the time of the accident, and had not lived with him for more than 4 years before his death, and he had not supported them during that period. They lived with their maternal grandfather in Illinois, and were supported by him. This was not a temporary status, but the admitted facts show that it was permanent.

In designating what persons shall be presumed to be dependent upon a deceased employe, the Workmen's Compensation Act provides, with reference to children:

"A child or children under the age of sixteen years, or over sixteen years if incapacitated from wage-earning, upon the parent with whom such child or children are living or by whom actually supported at the time of the accident."

Kentucky Statutes, sec. 4894 (c). Construing the statute in Ramey v. Portsmouth By-Product Coke Com-

pany, 234 Ky. 75, 27 S. W. (2d) 415, it was held that no child is presumed to be dependent on a deceased parent unless he actually lived with, or was supported by, the deceased at the time of the accident. In the Ramey Case the child claiming to be dependent was a stepchild of the deceased, but section 4895 of the Kentucky Statutes provides that the term "child" as used in the act shall include stepchildren, and in the opinion no distinction was made between a child and a stepchild in construing subsection (c) of section 4894. The construction of the act in the Ramey Case was approved in Veith v. Patterson, 236 Ky. 845, 34 S. W. (2d) 717, 718, where the court said:

> "Upon a reconsideration of the question we see no reason to depart from that construction. To stop short with the words 'child or children under 16 years of age' would leave out of consideration the parent upon whom such child or children were dependent. It is true that in the case of Fordson Coal Co. v. Burke, 219 Ky. 770, 294 S. W. 497, we held that the relation of dependency should be determined in the light of prior events, and should not be controlled by an unusual temporary situation, but it hardly can be said that the situation here presented is only temporary."

The child claiming to be dependent in that case had been confined in the reform school for more than 6 months before the accident, and during that period had neither lived with, nor been supported by, her father, and it was held that under our statute actual dependency at the time of the accident is a prerequisite to compensation, and dependency of the child does not turn on whether his parent is under legal duty to support him. We are unable to see how any other interpretation could be placed on the plain wording of the statute.

The object and purpose of the Compensation Act was to compensate the employee for loss sustained by him resulting from accidental injury, or, in case of his death, to compensate those named in the statute who were dependent upon him at the time of the accident. It will be observed that section 4894 of our statutes makes full and complete provision relative to the matter of presumed dependency and as to children under 16 years of age, only those living with the parent or

being supported by him at the time of the accident are conclusively presumed to be dependents. Where a child under 16 years of age is not living with the parent at the time of the accident and is receiving no support from the parent, but is being supported by other persons, and there is no reasonable probability that the parent will fulfill, or be required to fulfill, his obligations in the future, the child sustains no loss by reason of his parent's death, and is not a dependent within the meaning of the act.

The statutes of many states make the legal obligations of the parent to support the child the test of dependency, and it undoubtedly would be the better policy to place all children under the age of 16 years upon the same basis in the matter of dependency, but it has not been done by the Legislature, and we cannot give the statute that meaning without violating its clear intent. The Workmen's Compensation Board correctly ruled that the children under the facts adduced were not dependents within the meaning of the act.

We now come to the contest between Helen Jennings Bell and Nellie Catiller Bell. It is conceded that Helen Bell was the lawful wife of the deceased at the time of the accident; that she had not abandoned him, and is entitled to compensation for the period between the dates of her husband's death and her remarriage, but it is contended that the deceased could have but one lawful wife, and, as Helen Bell occupied that status and is entitled to compensation, the claim of Nellie Bell must be disallowed.

In Nall v. Wakenva Coal Company, 236 Ky. 598, 33 S. W. (2d) 631, a woman, believing in good faith that her first husband was dead, remarried, and lived with the second husband until his death. It was held that she was entitled to compensation as a dependent of the deceased, although it afterwards developed that her first husband was still living. She was allowed compensation, not as the dependent wife of the employee, but as a dependent living in his household. The dependency was determined under the following provision of section 4894 of the Kentucky Statutes:

"In all other cases the relation of dependency in whole or in part shall be determined in accordance with the facts of each case existing at the time of

the accident, but no person shall be considered a dependent in any degree unless he be living in the household of the employee at the time of the accident, or unless such person bears to the employee the relation of father, mother, husband or wife, father-in-law or mother-in-law, grandfather or grandmother, child or grandchild, or brother or sister of the whole or half blood.''

The instant case cannot be distinguished from the Nall Case. Nellie Catiller Bell was living in the household of the employee at the time of the accident, and was dependent on him for support. They were living together as husband and wife, and there is nothing in the evidence to indicate that she knew, or had reason to believe, that the relationship was illicit. She testified that she married the deceased in good faith after he had told her that he had been divorced from his first wife. It is suggested that under section 606, subsection 2 of the Civil Code of Practice, she was not a competent witness, and cannot establish her innocence by testifying to statements made to her by the deceased, but, be that as it may, the burden was not upon her to establish her good faith. In the absence of evidence to the contrary, her good faith must be presumed. There is always a presumption of innocence until there is evidence to the contrary. Farmer's National Bank v. Jones, 234 Ky. 591, 28 S. W. (2d) 787, 70 A. L. R. 335, 22 C. J. 144. Nellie Bell was wholly dependent on the deceased employee, and was entitled to one-half of the compensation until the widow's remarriage and to the whole compensation from that time until she married.

The judgment is reversed both on the appeal and the cross-appeal, and the cause remanded, with directions to affirm the award of the Workmen's Compensation Board.