## Andrews v. Kopper Coal Co.

March 6, 1942.

C. A. Noble for appellant.

Combs & Combs for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming in part and reversing in part.

Appellant survived Charles Andrews who was killed in 1937 while in appellee's employ; she filed her claim for compensation. It was agreed that Andrews met his death in course of and arising out of his employment, and that his earnings were such as to entitle claimant to recover maximum compensation, if any due her. Also that parties had accepted provisions of the compensation laws, it being further stipulated that the sole question was whether or not applicant had been legally married to deceased, or if legally married was dependent upon him.

It was the contention of appellee that applicant did not meet the burden in proving the existence of either fact. Appellant testified that she and Andrews married on November 3, 1928, and exhibited marriage certificate manifesting this fact; that following the marriage they had lived together for more than eight years, and until his death. Other testimony showed that they had lived together as husband and wife for the same period.

It developed on her cross-examination that she had

been previously married to Cleveland Holland in Harlan County in 1922. They lived together in Kentucky. In the summer of 1923, when applicant was in Selma, Alabama, with her sister who was ill, Holland came there to see her and remained three days and disappeared. Applicant had since never heard from him, but said that a close friend of her husband's told her that he was dead; had died in Florida. She admits there had been no divorce proceedings. No proof was introduced by appellee. The evidence was heard before a Referee, who reported finding of facts and conclusions of law. He set out the contentions of employer as above stated. He made reference to the marriage, and found that from the proof applicant had entered into the relationship with Andrews in the best of faith, and had likewise relied upon the information that her former husband was dead before the beginning of the relationship, which had continued for more than nine years. Referee wrote:

> "We must conclude from the testimony and facts proven * * * that these two people had been living together for nine years as husband and wife, and that he provided for and maintained her during said time. In either case she has met the burden of proof, and in the absence of any showing to the contrary she is entitled to compensation."

In support of his conclusions he cited Nall v. Wakenva Coal Co., 236 Ky. 598, 33 S. W. (2d) 631. See also, as bearing on the question, Franklin Fluorspar Co. v. Bell, 247 Ky. 507, 57 S. W. (2d) 481; Fuller v. Carrs Fork Coal Co., 280 Ky. 25, 132 S. W. (2d) 540. Upon his conclusions Referee found that applicant was wholly dependent upon deceased, and under the law entitled to compensation at $12 per week for 333 1/3 weeks, not to exceed $4,000, and burial expenses not to exceed $150. The Board upon review adopted Referee's findings.

Following award, employer, in the circuit court, sought to set aside the award on the grounds above noted. The court held that applicant on the hearing had not "proved herself to be a dependent, nor entitled to compensation as set out in the findings," but adjudged that she was entitled to funeral expenses. The Board was directed to "set aside that part of the findings in which they adjudged that plaintiff had married the deceased in good faith; was dependent upon him and living with him in the household at the time of his death, in

good faith believing that she was legally married to him.''

Appellee does not contend that the marriage certificate was not sufficient evidence that the parties had gone through a marriage ceremony. The whole contention is that applicant having the burden, failed to establish dependency as fixed by Kentucky Statutes, Section 4894; that she admitted she had not been divorced from Holland, and had married Andrews with this knowledge, hence the marriage, or the living with him as wife, was not in good faith, her good faith resting on the fact that she had been told that Holland had died after their separation; that if the relationship was in good faith, she failed to prove she had resided in the household with him, or that Andrews supported her. The first proposition is based on the idea that applicant's marriage to Andrews was bigamous.

We held in the Nall case, supra [236 Ky. 598, 33 S. W. (2d) 635], that no compensation should be allowed where parties live together without reason to believe they are in fact married, because of the public policy which forbids relief where the relationship is known to be illicit.

> ''On the other hand, we find ourselves in accord with the * * * rule that, where a marriage ceremony * * * was actually performed, and at the time the applicant believed in good faith that her former spouse was dead, and that the marriage was valid, and thereafter continued in good faith to live with him as his wife . * * * she must be regarded as 'living in the household' of the employee and entitled to compensation by reason of his death.''

In Franklin Fluorspar Co. v. Bell, 247 Ky. 507, 57 S. W. (2d) 481, 483, Bell, the deceased, had married Helen Jennings in 1922 or 23. In 1925 the husband abandoned the wife. In July of 1929, Bell married another woman with whom he lived until the time of his death. In the meantime the former wife had married Ernest White. There arose a contest before the Board between the children of the first marriage, and the first and second wife of Duard Bell. Omitting the contest insofar as it related to the children, it appeared that a dispute arose as to status of the two claimants. It was conceded

that Helen Bell was the lawful wife of employee at the time of the accident, and had she not abandoned him, she would have been entitled to compensation, and it was contended that since this was true, wife No. 1 was entitled to compensation but wife No. 2 was not. The Board had held that both were entitled to compensation, wife No. 1 for the period she had remained unmarried, thereafter to wife No. 2. The case went to review in the court, and while pending there wife No. 2 remarried; the court redivided the allowances to both the wives and the children. We shall not attempt to unscramble the involved situation, but in considering the status of wife No. 2 we wrote:

> "The instant case cannot be distinguished from the Nall case. Nellie Catiller Bell was living in the household of the employee at the time of the accident, and was dependent on him for support. They were living together as husband and wife, and there is nothing in the evidence to indicate that she knew, or had reason to believe, that the relationship was illicit. She testified that she married deceased in good faith after he had told her that he had been divorced from the first wife."

It is suggested that under Section 606, Subsection 2, Civil Code of Practice, she was not a competent witness, and cannot establish her innocence by statements made to her by the deceased, but be that as it may, the burden was not upon her to establish her good faith. In the absence of evidence to the contrary, her good faith must be presumed. There is always a presumption of innocence until there is evidence to the contrary. Farmer's National Bank v. Jones, 234 Ky. 591, 28 S. W. (2d) 787, 70 A. L. R. 335. In this case after exhibiting the marriage certificate which is not attacked, and saying that she had information that her former husband was dead, and had not been heard of since 1923, employer elected to let the matter stand without offering proof on this or any other point.

Counsel contends that in the case of Hatfield Campbell-Creek Coal Co. v. Adams, 275 Ky. 744, 122 S. W. (2d) 787, 789, we wrote: "The applicant is the one who contracted the bigamous marriage. A heavy burden rested upon her to establish the good faith relationship," and we found that she had not met the burden. The facts show that the claimant, sometimes known as Betty

Miller, married George Mullins in 1925. They separated in 1929. A certificate of marriage showed that Betty Pratt and J. M. Adams were married in February, 1930. The deceased employee was named J. C. Adams. We remarked that the certificate did not show marriage between Betty Miller or Betty Mullins and J. C. Adams. On the hearing Mullins, the first husband, appeared and testified that he had never sought a divorce, "and if she had obtained one 'It was unbeknownst to me.' " She testified that she had employed a lawyer, who later told her that "George has got a divorce and you are a free woman." There was also testimony that the parties had lived together before January 30, 1930, prior to the marriage.

We held that claimant's statement, to the effect she had been told she was divorced, was competent on her belief and good faith. But looking to the facts we said: "Of course, the marriage to Adams is conceded bigamous." Most assuredly the applicant, under the facts there developed, had a very heavy burden. In the last named case we referred to the Nall and Bell cases, supra, as well as Black Mountain Corporation v. Cobb, 260 Ky. 662, 86 S. W. (2d) 662, and undertook to distinguish them, pointing out that where it was shown that there had been a marriage, without question as to ceremonial regularity, and claimant did not know there had been no divorce, and had in good faith entered into the relationship, compensation was proper, citing the Cobb case, supra.

Further argument is that having failed to prove that she acted in good faith when she married and lived with Andrews, applicant cannot be considered his dependent, since she must have shown that she was dependent on him for support, resided in the household with him at the time of the accident, and bore the relation of wife at the time. It is argued that she did not state that she was living with him in the household at the time, or that he supported her.

The statute supra provides that a wife shall be presumed to be wholly dependent. This argument of appellant is answered by our finding that these parties were to all intents legally married; if the marriage was contracted in good faith, then claimant was the lawful wife of deceased employee. Claimant made it plain that she and Andrews lived together as husband and wife until

the date of his death. This evidence was sufficient to justify the Board's finding that applicant "was living in the household of employee at the time of accident."

Applicant said she had not heard of Holland since the separation in 1923, more than five years before the marriage with Andrews. If she had been prosecuted under indictment for bigamy, the fact would have precluded a conviction. Section 1216, Kentucky Statutes; Strode v. Strode, 3 Bush 227, 96 Am. Dec. 211. Here, insofar as the record shows, the employer failing to show otherwise, the marriage was legal, and applicant occupied the status of wife, living in his household, hence she was presumed to have been wholly dependent.

The court below properly allowed funeral expenses, Kentucky Statutes, Section 4893, and to this extent the judgment is affirmed. The court erred in setting aside the award, and the judgment is reversed in this respect, and the court is directed to enter order according to this opinion.

Affirmed in part; reversed in part.