## Ritchie et al. v. Katy Coal Co. et al.

June 13, 1950.

Sam M. Ward, Judge.

Don A. Ward and D. B. Wooton, for appellants.

M. B. Fields, C. C. Wells and T. E. Moore, Jr., for appellees.

JUDGE KNIGHT—Affirming.

Everett Ritchie was killed on January 6, 1949, in an accident in a coal mine where he was employed by the Katy Coal Company. There was a contest before the Workmen's Compensation Board as to who were his dependents, there being six claimants to any award the Board might make. After hearing proof on all questions involved, the Referee in his opinion and award recommended that Bertha Ritchie, wife of deceased, recover of the Katy Coal Company $20 per week for 400 weeks, not to exceed $8,000. Upon full Board review, the Board divided the award between two of the plaintiffs who were claiming dependency. Bertha Ritchie, the legal wife of deceased, was awarded $10 per week for 400 weeks, not to exceed $4,000, and Lonnie Ritchie with whom deceased had contracted a bigamous marriage and with whom he was living at the time of his death, was awarded $10 per week for 400 weeks, not to exceed $4,000. The claims of other alleged dependents were denied. Appeals and cross-appeals from the full Board review were taken to the Circuit Court. First, Bertha Ritchie, the legal widow who had been awarded half of the compensation by the Board, joined by her

two children, Cassie Ritchie and Chester Ritchie, whose claims had been denied by the Board, alleged in their petition for review that they were entitled to the full award as the widow and children of the deceased, and that Lonnie Ritchie, bigamous wife of deceased, was entitled to none of the award. Second, Sallie Ritchie, another bigamous wife of deceased, and her son, James Woolery Ritchie, whom Sallie claimed to be the son of deceased, and whose claims to a share in the award were denied by the Board, filed a petition for review in the Circuit Court setting up their claims to the award, and asking that the award of the Board be reversed. All of these claims and defenses thereto were set up by proper pleadings and on March 2, 1950, the lower court entered a judgment upholding the award of the Board, thus dividing the award between Bertha Ritchie and Lonnie Ritchie, and dismissing the claims of Cassie Ritchie, Chester Ritchie, Sallie Ritchie, and James Woolery Ritchie. The present appeal is by the last four mentioned from so much of the judgment as denied them any of the award, and by Bertha Ritchie from so much of the judgment as allowed any of the award to Lonnie Ritchie.

There is no dispute as to the amount of the award and appellee is ready and willing to pay off, but wants to know to whom the payments must be made.

The case presents an unusual situation growing out of the complexity of deceased's domestic relations. On February 29, 1932, he married claimant Bertha Ritchie and, although not divorced, they lived separate and apart from 1937 until the time of his death. Two children, who are claimants herein, were born of their marriage, to-wit: Cassie Ritchie, born January 2, 1933, Chester Ritchie, born January 1, 1938, after their separation. Deceased, without getting a divorce from Bertha Ritchie, married Rhoda Romine on July 23, 1940, but she sued for divorce and a judgment of divorce was granted her in the Perry Circuit Court on October 11, 1946, and she is making no claim for any of the compensation in this case. On September 27, 1946, and before the entry of the judgment divorcing Rhoda Romine from him, deceased married Sallie Ritchie, but they separated in December 1946. Sallie filed suit for divorce against deceased in the Perry Circuit Court on September 3, 1947, alleging that she and the deceased had not lived together as man and wife since December 1946, but this case was

never prosecuted to a judgment. On December 23, 1947, a child was born to Sallie and she claims that the deceased was his father. This child, James Woolery Ritchie, is a party to this action, and both Sallie and James claim they are entitled to participate in the award as dependents of the deceased. Without obtaining a divorce from either Bertha or Sallie, the deceased married Lonnie Ritchie on July 3, 1947, and they lived together from their marriage until his death. She was entirely dependent upon him for support. Lonnie claims that she is entitled to all of the compensation due by reason of his death. We, therefore, have for consideration the claims of the deceased's legal wife and her two children, the claims of two bigamous wives and an illegitimate child.

Claims of Bertha, Cassie and Chester Ritchie

From the evidence before it, the Board found as a fact that Bertha Ritchie and her husband, the deceased, separated in 1934, were reconciled in 1937, and lived together for a short while. He abandoned her in 1937, and they never thereafter lived together. One of their children involved in this appeal, Cassie Ritchie, was born January 2, 1933, and the other, Chester Ritchie, was born January 1, 1938, which was after the final separation of his parents. Deceased never supported these children and was not supporting or contributing to their support, nor were they living with him, at the time of his death. Since Cassie Ritchie was over 16 years of age at the time deceased was killed and there is nothing in the record to show that she is incapacitated from wage earning and since neither she nor Chester Ritchie, who was under 16 years of age, was living with or being supported by their father at the time of his accidental death, the Board was correct in its findings that neither was entitled to participate in the award. KRS 342.075; Franklin Fluorspar Co. v. Bell, 247 Ky. 507, 57 S. W. 2d 481; Ramey v. Portsmouth By-Products Co., 234 Ky. 75, 27 S. W. 2d 415.

Likewise, we think that it was established by the evidence before the Board that Bertha Ritchie was voluntarily abandoned by deceased in 1937, and that this abandonment was not caused by her misconduct. There was evidence that she was guilty of misconduct after the abandonment, and an illegitimate child was born to her

in 1942, but we think the evidence before the Board justified its findings that the abandonment of her by deceased was not due to her misconduct. Misconduct after the abandonment would not bar her right to participate in the award as his wife. Layman-Calloway Coal Co. v. Martin, 209 Ky. 690, 273 S. W. 496. As the voluntarily abandoned wife of deceased, from whom she had never been divorced, she is conclusively presumed to be wholly dependent on him and entitled to compensation, even though she was not actually being supported by him at the time of his accidental death. KRS 342.075; Rockhouse Coal Co. v. Collins, 212 Ky. 137, 278 S. W. 540; Jones v. Louisville Gas & Electric Co., 209 Ky. 642, 273 S. W. 496; Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S. W. 936.

Standing alone, and under these facts and authorities, Bertha Ritchie would be entitled to the full award of the Board as recommended by the Referee. However, the claims of Lonnie Ritchie intervene and the Board found that her claims, which will be discussed later in this opinion, were meritorious and that she was entitled to half of the award and it therefore limited Bertha Ritchie, the widow, to one-half of the award on the authority of Franklin Fluorspar Co. v. Bell, 247 Ky. 507, 57 S. W. 2d 481. That case is very similar to the present case. In that case deceased married his first wife, Helen J. Bell, and two children were born to them. While both children were still young, deceased abandoned his wife and children and did not afterwards live with them or contribute to their support and he was never divorced from his wife. Several years after abandoning his wife, he contracted a bigamous marriage with Nellie C. Bell, and they were living together as man and wife at the time of his accidental death. This court held that Helen Bell, the lawful wife, was entitled to one-half of the compensation, and that Nellie Bell, the bigamous wife who was wholly dependent on him for support, was entitled to one-half. Under the facts in the present case and the authority of the Franklin Fluorspar Co. case, supra, we think the Board correctly held that Bertha Ritchie was entitled to one-half of the award as the legal widow of deceased.

### Claim of Lonnie Ritchie

It is established by evidence before the Board that

deceased and Lonnie Ritchie, then Lonnie Fugate, went through a formal marriage ceremony on July 3, 1947; that they continued to live together as man and wife until his death; that she was supported by him during all that time and that she was wholly dependent on him for support. It is conceded that the marriage was bigamous, but this will not bar her if it was entered into with good faith on her part. The burden was on her to establish this good faith and the Referee was of the opinion that she did not sustain the burden. However, on full Board review, the Board found as a fact that her marriage to deceased was in good faith. We have reviewed this evidence and we are of the opinion that it was amply sufficient to sustain the finding of the Board that Lonnie's marriage to deceased was in good faith. Under these circumstances, she was entitled to one-half of the compensation as a dependent living in the household of the employee as found by the Board. KRS 342.075; Franklin Fluorspar Co. v. Bell, 247 Ky. 507, 57 S. W. 2d 481; Fuller v. Carrs Fork Coal Co., 280 Ky. 25, 132 S. W. 2d 540; Andrews v. Kopper Coal Co., 290 Ky. 278, 161 S. W. 2d 52, and cases therein cited.

### Claims of Sallie Ritchie and James Woolery Ritchie

Deceased, Everett Ritchie, and Sallie Ritchie, then Sallie Napier, went through a marriage ceremony on September 27, 1946, which was 14 days before the entry of a judgment divorcing him from Rhoda Romine Ritchie. After living together about three months, they separated in December 1946, although it appears from the evidence that they spent a few week-ends together after this separation. On December 23, 1947, almost a year after separation, James Woolery Ritchie was born to her. There was evidence produced that deceased gave Sallie $35 to help on her medical expenses incident to his birth and $10 on three other occasions, one of them after the baby was born. While there is some doubt as to whether deceased was the father of this child, the Board legally presumed that he was since there was no definite proof to the contrary. However, the Board denied the claim of Sallie Ritchie on the ground that there is no conclusive presumption of dependency as to a bigamous widow when she was not living with or dependent on deceased at the time of his death, and denied the claim of James Woolery Ritchie on the ground that he was not living with or being supported by deceased at the

time of his death. The evidence fully justified the finding of the Board in both cases. We think such contributions as were made to the mother for the benefit of the child, totaling in all not more than $65, in this case were only "occasional gifts" and not support to the child or recognition of parental responsibility within the meaning of the Compensation Act. Fuller v. Carrs Fork Coal Co., 280 Ky. 25, 132 S. W. 2d 540; Hatfield Campbell-Creek Coal Co. v. Adams, 275 Ky. 744, 122 S. W. 2d 787, and cases therein cited. The facts as to support of this child by the supposed father are far different from those in U. S. Coal & Coke Co. v. Sutton (Williams v. U. S. Coal & Coke Co.), 268 Ky. 405, 105 S. W. 2d 173, cited and relied on by these two appellants.

After a careful consideration of the evidence and the full and comprehensive opinion and award of the full Board on review, we are of the opinion that the Board arrived at a correct solution in settling the claims of all parties arising out of the tangled marital relations of deceased. The award of the Board was based on ample evidence of probative value and even if we differed with its findings of fact, which we do not, we would not be authorized to reverse the judgment upholding the award since we find no error of law in applying the facts of the case.

Wherefore the judgment is affirmed.