## Jones, by Next Friend v. Louisville Gas & Electric Company, et al.

## O'Reilly v. Louisville Gas & Electric Company, et al.

(Decided June 19, 1925.)

Appeals from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Master and Servant—Wife Conclusively Presumed Dependent Under Compensation Act.—Under workmen's compensation act (Kentucky Statutes, sections 4894, 4895) a wife who has not vol-

untarily abandoned her husband, is conclusively presumed de-
pendent on deceased husband.

2.   Master and Servant—Abandoned Wife Held Conclusively Pre-
     sumed Dependent, Notwithstanding Acceptance of Alimony.—
     under workmen's compensation act (Kentucky Statutes, sections
     4894) wife abandoned by husband is conclusively presumed de-
     pendent, notwithstanding she has voluntarily accepted amount in
     settlement of all claims against him or his estate.

3.   Master and Servant—Child Living With and Supported by De-
     ceased Held Dependent, Though Not Formally Adopted.—Niece
     of woman with whom deceased employe had been illicitly cohab-
     iting, who had been living with and was totally dependent on
     deceased employe, though not formally adopted, held dependent
     under workmen's compensation act (Kentucky Statutes, sections
     4894, 4895).

BENEDICT ELDER and E. J. COONEY for appellant Jones.

DAVID R. CASTLEMAN for appellant O'Reilly.

FRED FORCHT for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Michael O'Reilly, who was an employe of the Louis-
ville Gas & Electric Company, was killed instantly on
August 13, 1923, by coming in contact with a high voltage
wire.   Katie O'Reilly and Willa Jones filed claims be-
fore the workmen's compensation board for full com-
pensation as dependents of Michael O'Reilly.   Proof
was taken; two members of the board united in an opin-
ion holding that neither of them were entitled to com-
pensation under the compensation act.   One member of
the board delivered an opinion holding that both of them
were entitled to compensation and that the compensation
allowed by the act should be divided between them
equally.   The case was taken to the Jefferson circuit
court, which concurred in the view of the majority of the
compensation board.   From this judgment Katie
O'Reilly and Willa Jones prosecute separate appeals,
each insisting that she is entitled to the compensation
and that the other is not entitled to anything.

The facts as to Katie O'Reilly are these: Katie
O'Reilly and Michael O'Reilly were married in Ireland
on August 11, 1895.   In March, 1896, he left Ireland leav-
ing her there.   Their child was born three or four months
after he left.   He came to Louisville, Kentucky.   During
the first nineteen months of his absence he sent his wife

$100.00 a month for the support of herself and infant daughter. He promised to send for her as soon as he could provide a home. After nineteen months the contribution ceased. In August, 1901, the wife leaving her child in Ireland with her mother, came to America and went to the house of her husband's brother in Louisville, her husband refusing to receive her. He was then paying attention to other women as an unmarried man. He abused and reproached her for following him to America and declined to contribute to her support. After trying in vain for some months to bring about a reconciliation she brought a suit against him for maintenance and secured a judgment for $4.00 a week, which was paid irregularly until April, 1902, when a written contract was entered into between them by which he paid her about $800.00 and she accepted same in full settlement and compromise of all claim she had against him for alimony and maintenance sued for in the action and in full of all interest she then had or might thereafter have in any property then owned by him or which he might thereafter own. Her mother was sick from cancer and she then returned to Ireland to take care of her child. In 1906, after the death of her mother she returned to America with her child but did not return to Kentucky. After she came back to America he wrote her promising he would mend his ways and she sent him $20.00 as he requested. She was a Catholic; she did not believe in divorce; she loved her husband and wished to reclaim him. But he was enamored of other women and thus things ran along until shortly before his death, when the daughter was arranging to come to Louisville and see her father, but before she started they were advised of his death.

The facts as to Willa Jones are these: About 1910 Michael O'Reilly took into his house in Louisville Florence Jones. They were not married but she lived with him there until his death, for about thirteen years. She used the name of Mrs. O'Reilly with his knowledge and consent, although she knew that he had a legal living wife. Some time later her brother, Charles Jones and his wife and little daughter, began living with them. They paid board. The brother's wife died and about 1920 he died leaving the child, Willa Jones, who was then about eleven years old. Michael O'Reilly promised her father on his death bed that he would take care of and

provide for Willa. Her mother had died about five years before this. Willa remained in the household with Michael O'Reilly and her aunt Florence Jones. Michael O'Reilly took care of her, sent her to school and faithfully carried out, as long as he lived, his promise to her father. He did not formally adopt her. Her aunt Florence was the housekeeper; she made Willa's clothes and also looked after the child.

The question to be determined is, is either Katie O'Riley or Willa Jones a dependent of Michael O'Riley within the meaning of the workmen's compensation act? The statute provides:

"The following persons shall be presumed to be wholly dependent upon a deceased employe: (a) A wife upon a husband whom she had not voluntarily abandoned at the time of the accident; (b) a husband incapacitated from wage-earning, upon a wife whom he has not voluntarily abandoned at the time of the accident to the wife; (c) a child or children under the age of sixteen years, or over sixteen years if incapacitated from wage-earning upon the parent with whom such child or children are living or by whom actually supported at the time of the accident. In all other cases the relation of dependency in whole or in part shall be determined in accordance with the facts of each case existing at the time of the accident, but no person shall be considered a dependent in any degree unless he be living in the household of the employe at the time of the accident, or unless such person bears to the employe the relation of father, mother, husband or wife, father-in-law or mother-in-law, grandfather or grandmother, child or grandchild, or brother or sister of the whole or half blood." Kentucky Statutes, section 4894.

"As used in this act the term 'child' includes stepchildren, legally adopted children, posthumous children and recognized illegitimate children, but does not include married children unless actually dependent." Kentucky Statutes, section 4895.

It will be observed that the statute, after providing that three classes of persons shall be presumed to be wholly dependent upon a deceased employe, provides that in all other cases the relation of dependency, in whole or in part, shall be determined in accordance with the facts of each case existing at the time of the accident.

This necessarily means that in all of the cases except the three above named, evidence may be received to show the facts of each case on the relation of dependency. The provision that in all other cases such evidence may be received necessarily means that in the three cases provided in the statute such evidence is not to be received, for the statute only allows such evidence to be received in all other cases than those named in the statute. The three cases in which dependency is presumed and evidence is not received are: (1) A wife upon a husband whom she has not voluntarily abandoned; (2) a husband incapacitated from wage-earning upon a wife whom he has not voluntarily abandoned; (3) a child or children under the age of sixteen years, or over sixteen years if incapacitated from wage-earning, upon the parent with whom such child or children are living or by whom actually supported at the time of the accident.

As to Katie O'Reilly there was no question that she was the wife of Michael O'Reilly, and under this statute she is a wholly dependent person if she had not voluntarily abandoned her husband at the time of the accident. This is the construction given to the act by the compensation board from the beginning. Our act is drawn from the English statute, which had received then in England this construction. New Mocton Collieries Co. v. Keeling, 6 N. C. C. A. 240, 288; 2 Leading Cases, Compensation Board, pp. 39, 43, 87. While there are contrary opinions in some other states they will all be found to rest on statutes reading differently from ours. By section 6, Kentucky Statutes, where death results from wrongful act, the compensation recovered goes to the wife, and not to the husband's estate. It is not a part of his estate and is not derived by her therefrom, but is a compensation made to her by law for the death of her husband. Napier v. Napier, this day decided. The same principle applies to the compensation allowed under the workmen's compensation act. The claim of the wife, therefore, turns solely on the question whether she had voluntarily abandoned her husband at the time of the accident. She had voluntarily accepted from him alimony and compensation for all claim which she had against him or his estate; but she had done this under necessity because he refused to live with her and had forced her to live apart from him. She did not believe in divorce; she believed it was her duty to reclaim her husband if she could. The compensation act was drawn

to protect this class of persons. It is in accord with modern legislation which is aimed to preserve marriage rights and to dignify the marital relation. It is a sound public policy and under all the facts a judgment should have been entered in favor of the wife. Martilla v. Quincy Min. Co., 30 A. L. R., p. 1249, and notes.

The claim of Willa Jones rests upon the last clause of the statute. At the time she was a child under the age of sixteen years, living in the household of the employe. We cannot read the word *or* as *and*. It was clearly intended to cover, not only the children of the injured employe, but any one living in his household who was actually dependent upon him. The protection of childhood is one of the purposes of the statute. The deceased had taken this child into his home. He was her god-father. At the death of her father he promised him that he would take care of and provide for her. Her mother was then dead and she had no other protector; she was then a child of tender years; he had faithfully carried out his promise to her father until his death. There would probably be no objection to her claim but for the illicit relation between him and Florence Jones. But the child is not to be charged with this and she is entitled to the protection of the statute as any other child would be under like circumstances, living in the household of and actually dependent upon the injured employe.

We, therefore, conclude that the claim of Willa Jones should also be allowed and the compensation should be divided between her and Mrs. O'Reilly. As to when the compensation shall cease as to either of them the statute provides as follows:

"Compensation to any dependent shall cease at the death or legal or common-law marriage of such dependent, and upon the cessation of compensation to or on account of any person the compensation of the remaining persons entitled to compensation shall, for the unexpired period during which their compensation is payable, be that which such persons would have received during such unexpired period if they had been the only persons entitled to compensation at the time of the accident." Kentucky Statutes, section 4894.

Judgment reversed and cause remanded for a judgment as above indicated. Whole court sitting.