CAMPTON et al v. INDUSTRIAL COMMISSION et al.

No. 6675. Decided August 31, 1944. (151 P. 2d 189.)

572

See 71 C. J. Workmen's Compensation, Sec. 289; 28 R. C. L. 777.

*I. E. Brockbank,* of Provo, for plaintiffs.

*Grover A. Giles,* Atty. Gen., and *Judd, Ray, Quinney & Nebeker,* of Salt Lake City, for defendants.

McDONOUGH, Justice.

Review of an order of the Industrial Commission denying plaintiff's application for an award as dependents of Charles N. Campton, deceased. Campton was killed by accident while in the course of his employment on April 17, 1943. The decision of the Commission was predicated on its determination that the applicants, plaintiffs here, were not dependents of deceased within the meaning of 42-1-67, U. C. A. 1943.

Plaintiff, designated as Mary Campton, but whose legal name was Mary Vaughn, was some time prior to 1936 married to one Edward C. Vaughn. They lived at Durango, Colorado. Shortly after the birth of their second son, James, in 1936, they separated and she moved to Silverton, Colorado, where she sought employment. Sometime early in 1937 she began to live with Charles N. Campton. The evidence as to the actual causes of separation of applicant from Edward C. Vaughn is limited to her statement that she was deserted, that her husband had never supported her, and that about two weeks prior to the death of Campton she made some inquiry about divorcing her husband who allegedly failed to support her or her two sons after their separation in 1937.

The evidence produced by applicant shows that after she began living with Campton, the latter held her out as his wife and claimed her children as his two sons, and that they took the name of Campton and were continuously supported by him. The children registered in school under the name of Campton in both Colorado and in Utah. On his employment applications he claimed to. be married and stated that he had a wife and two children, naming plaintiff, Mary Campton, as his wife. On his income tax returns he named said plaintiff as his wife, and her two sons as his own children, and took deductions for dependency accordingly. Until Campton was accidentally killed, neighbors and associates were wholly unaware of the fact that he was not her husband and that the two boys were not his own sons.

Plaintiff, Mary Campton, does not seek to set aside the decision of the Commission denying her an award, since it is admitted that she was never married to the decedent. Our decisions in *Schurler* v. *Industrial Comm.*, 86 Utah 284, 43 P. 2d 696, 100 A. L. R. 1085, and *Sanders* v. *Industrial Comm.*, 64 Utah 372, 230 P. 1026, preclude the applicant from receiving any compensation for herself; but she contends that the Commission was not justified in denying an award for her sons as dependents of decedent; because, she asserts, they were for all purposes contemplated by the statute, 42-1-67, U. C. A. 1943, "members of the family" of decedent within the principles laid down in *Utah Fuel Co.* v. *Industrial Comm.*, 64 Utah 328, 230 P. 681.

In *Utah Fuel Co.* v. *Industrial Comm.*, supra, this court upheld an award in favor of a minor child whose mother had been living with deceased ostensibly as his wife, though they were in fact not married, for more than six years prior to the date of his accidental death. During such period, the mother had a husband living from whom she had not been divorced and deceased had a wife living from whom he had not been divorced. The facts relative to holding out of the woman and her child as the wife and child of decedent are in that case practically on all fours with the instant case.

At three points only does the present case differ from the Utah Fuel Co. case: (1) In that case, this court upheld a finding of the Commission to the effect that the minor child was a dependent member of the deceased's family. Here, we are asked to set aside a contrary finding. (2) In the Utah Fuel Co. case, while it was assumed that the husband and father was alive at the time of employee's death; his whereabouts or availability, so far as enforcing his legal obligation to support his child, were not shown. Here the Commission found that the father of the minors was alive and in the armed service of the United States. It concluded that by reason of the Servicemen's Allotment Act, 37 U. S. C. A. § 201 et seq., the father's legal obligation to support

his children could be enforced. (3) At the time of Campton's death, plaintiff Mary Campton and her two sons were not at the residence of deceased, but had for several weeks been at the home of Mary Campton's sister in Kansas City. Campton had furnished them transportation to go to the sister's home, and plaintiff testified that she went to Kansas City for the reason that "we were going to move out there and I tried to locate a house."

However, this last recited circumstance—absence from Campton's home at the time of his death—apparently did not influence the Commission in arriving at its conclusion that minor plaintiffs were not members of Campton's family and dependent upon him for support, since it is recited in its decision that plaintiffs "in March, 1942, took up their residence in Provo, Utah [the place of Campton's residence] where they lived until Campton's death." Whether, however, this is definitely found by the Commission or is but a recital of what plaintiff contends is not entirely clear from its decision.

The Commission based its conclusion upon this reasoning: That though Campton in fact supported the children of Vaughn since 1937, and "under normal conditions would be considered as members of his family," yet the fact that their father is still living and is able to support them, and the further fact that under the statute—42-1-67, U. C. A. 1943 —they are presumed to be wholly dependent upon him for support and that the legal obligation of the father to support the children was not shown to have no practical value, impel the finding that they were wholly dependent upon Vaughn and hence could not be dependent upon Campton.

We are of the opinion that this reasoning, does not properly reflect the legislative intent in creating the presumption of dependency. 42-1-67, U. C. A. 1943 provides:

"The following persons shall be presumed to be wholly dependent for support upon a deceased employee: * * *

"(2) Children under the age of eighteen years or over such age, if physically or mentally incapacitated, upon the parent, with whom they

are living at the time of the death of such parent, or who is legally bound for their support.

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless he is a member of the family of the deceased employee, or bears to him the relation of husband or wife, lineal descendant, ancestor, or brother or sister. * * *"

The presumption of dependency of children under the age of eighteen years upon a parent who is legally bound for their support arises by virtue of the foregoing statute, in a case where their dependency upon a *deceased employee* is the subject of investigation. Thus, if Vaughn, father of the minors, were employed in Utah and met death in the course of his employment, the minors could claim the benefit of the presumption in a compensation proceeding. But such presumption does not arise as to an absent father in a proceeding to determine whether the minors are actually dependent upon one other than his father. So, had it merely been shown in this case that the father is alive, no presumption that the minors were dependent upon him would, by virtue of the statute, take effect. And this is so because the legislature created such presumption when the question of dependence of children on a *deceased employee* is the subject of investigation. True, were there no such presumption under the Workmen's Compensation Act there would exist under the laws of this state an obligation upon the part of a father to support his children. But this obligation of the father is certainly not tantamount to actual dependency of his children. And the statute provides that in cases other than those in which dependency on a *deceased employee* is presumed, the question of dependency is to be determined according to the facts of the particular case including the existence of family membership. In a situation for example where a child has been supported and in all respects cared for all during his minority by a relative who is disposed and able so to do, and the father acquiesces in such arrangement, it would

hardly accord with common usage of language to assert that such child had during such period been dependent upon his father for support simply because the father had an obligation to support it. To the effect that dependency is something different from the right to have support or the duty of a parent to support his children, see *Utah Fuel Co.* v. *Industrial Comm. et al.,* 80 Utah 301, 15 P. 2d 297, 86 A. L. R. 858.

In the Utah Fuel Co. case found in 64 Utah 328, 230 P. 681, the essential facts of which have been hereinabove set out, this court was not confronted with the presumption here considered, as the statute at that time raised such presumption only as to children who were living with the parent at the time of the latter's death. The statute was subsequently amended to read as quoted hereinabove. See 42-1-67, R. S. U. 1933 and Laws of Utah 1939, Chap. 51.

The Commission in the instant case did not, it is true, base the presumption of dependency upon the father solely upon his legal obligation to support his children, but upon the obligation plus the probability or likelihood of its being enforcable. If such reasoning be indulged then it must be, as hereinabove pointed out, without reference to the presumption created by 42-1-67 which has reference only to presumed dependency upon the deceased. The presumption then would have to arise from the legal obligation and the fact that it could be enforced. But this disregards the provisions of the statute which direct that in cases where the presumptions *created by the statute* do not apply, "the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee." True, among the facts which may well be considered by the Commission are that the father upon whom the law places the duty of supporting his children is living and that there is a likelihood of such liability being enforced. Under certain fact situations they might be controlling.

Where a relation such as that existing between Campton and the children's mother has been of short duration, or has been but intermittent, where the disposition of the putative father toward the children has been other than that of an affectionate parent, or where other facts and circumstances are such as to cast doubt upon the likelihood of continued support of the children by him; the father's legal liability and the paramour's knowledge thereof may reasonably induce belief that the latter would not bear the father's burden in the future. But here we have no such situation. In addition to the facts recited hereinabove, there is the testimony of neighbors to the effect that Campton's attitude toward the children was that of an indulgent father. One neighbor testified that during the time the children were in Kansas City, the deceased spoke of how proud he would be when the two boys would graduate from military school. There is nothing in the decision of the Commission which intimates that such testimony was disbelieved. If it was believed; if the printed record reveals the true disposition of deceased toward these children; then an inference drawn from the only additional fact, to wit, probable availability of the father as a source of support for the children, to the effect that their continued support by deceased was unlikely; cannot be said to be a reasonable one.

We are, therefore, of the opinion that the order of the Commission denying compensation to the minor plaintiffs must be set aside. However, in view of the uncertainty in the decision of the Commission as to whether or not during the few weeks absence of plaintiffs from Campton's home just preceding his death, the relationship between him and the children which had theretofore obtained, was severed; and that they were therefore not dependent members of his family; such matter is left for the Commission to determine.

The order denying compensation to plaintiff, Mary Campton, is affirmed; that denying compensation to the minor plaintiffs is annulled. Costs to plaintiffs, Richard Campton and James Campton.

WOLFE, C. J., and WADE, J., concur.

LARSON, Justice (concurring).

I concur. But my consideration of 42-1-67 U. C. A. 1943 leads to this line of reasoning: Keep in mind that this discussion is limited to a case where an employee under the Utah Compensation Law has died as a result of an accident arising out of or in the course of employment. The section expressly limits dependents to husband or wife, lineal descendant, ancestor, brother or sister, *or a member of the family* of deceased. The italicized group includes persons not included within the particular classes. In other words the spouse, decedent, ancestor, brother or sister may be dependent without being a member of the family of deceased. The section creates two presumptions of dependency: (1) That of a wife upon her husband with whom she is living at the time of his death; (2) that of a child under eighteen years or incapacitated, upon the parent with whom it is living, or who is otherwise legally bound for its support. I think this always includes a father unless he has been, by decree of court, or express provision of statute relieved from his obligation to support the child. These presumptions arise from the relationship, and are established without other proof. I think they are not rebuttable, and the defense cannot be made that the husband or father did not in fact support them and thus escape the statutory payments. Dependence in such cases is settled as a matter of law. "In all other cases, the question of dependency" is one of fact to be determined in each particular case. In all such cases, a claimant who is not under the legal presumption created by (1) and (2) must show as a matter of fact that he or she comes within the group who can be considered as dependents, and further that he or she was in fact dependent, in whole or in part, upon the deceased. The presumptions created by subdivisions (1) and (2) of the act have no connection with, relationship to, or bearing upon an investigation to determine the dependency of one other

than a spouse or child of the deceased. If Vaughn, the father, was employed within the provisions of the Utah Compensation Act, and died as a result of an accident in the course of employment—not having been relieved by statute or decree of a competent court of his obligation of support —the minors would by law be presumed dependent on him and entitled to compensation for the loss of support. But in a case to determine whether the minors were actually dependent upon one other than the parent, the legal presumption of dependency on the father does not enter. The question here is one of fact, *actual, not presumptive dependency*. Why should these minors, for six years members of Campton's family, supported and maintained wholly by his effort, be bereft of such support upon the assumption that because they had an able-bodied father living, he would see they did not starve? As well indulge the presumption that the Social Welfare Department or other charitable institutions would provide for them. The statute says that, except in cases where the claimant was the wife or child of deceased the question of dependency is one to be determined from the facts in each case, without recourse to any legal presumptions whatsoever. Was claimant, as a matter of fact, dependent upon the deceased? If so, he is entitled to compensation provided he falls within one of the classes who can be dependents under the statute. If claimant is a child, minor or incapacitated, or a wife living with deceased at the time of his death, dependency need not be shown. The law establishes such from the relationship.

Here the record conclusively shows that these claimants were members of the family of Campton; that for six years they had been in fact wholly dependent upon Campton for their support; that they were living with him and were so dependent upon him at the time of his death. Since the order of the commission, as shown by the prevailing opinion was founded upon a misinterpretation of the statute, and a misapplication of the law, it follows that the same should be vacated and annulled. I therefore concur in the order made.

HOYT, District Judge (concurring).

I concurr. I think the presumption provided by 42-1-67, U. C. A. is not applicable to this case. But if it were considered applicable, or if, without the aid of the presumption, the commission found that the natural father's liability to support his children could be enforced, it would not require a denial of compensation to the children. This court held in *Utah Fuel Co.* v. *Industrial Comm. et al.*, 67 Utah 25, 245 P. 381, 45 A. L. R. 882 (Pelly case), that a mother and minor brothers and sisters were not precluded from claiming compensation for the death of a young man who was killed in the same accident with his father, where the son's wages had been used together with the father's for the support of the family. This was held although the family had theretofore been awarded compensation to the full amount provided by law for the death of the father. In the instant case, where it was found by the commission that the children had received no support from their father for a number of years, and had been supported by Campton and treated by him as members of his family, that rule would require an award of compensation regardless of any legal or natural right the children might have to be supported by their father.

MOFFAT, J. deceased.