WALTER WILSON, Defendant Below Appellant, v. BETTIE JANE HILL, Claimant Below Appellee.

*(February* 14, 1950.)

WOLCOTT, J., sitting.

*Robert Tunnell* for Defendant Below Appellant.

*James H. Hughes,* 3rd, for Claimant Below Appellee.

Superior Court for Kent County, No. 101, 1948.

WOLCOTT, Judge.

The Industrial Accident Board, *inter alia,* made the following ruling of law: "Section 11, sub-section 9 of the Delaware Workmen's Compensation Law does not attempt to define a 'dependent

child' but on the contrary all children are presumed to be dependent who are under the age of 16 and unmarried. Joseph Burton Hill, Jr. was legally responsible for all of his three children at the time of his death and all the children were entitled to look to the father for support."

The Board thereupon awarded compensation to Mr. Granville Fisher, Laurel, Delaware for Jerome Powell Hill at the rate of $5 per week.

The appeal questions the validity of this award.

It is contended on behalf of the defendant that compensation under the Delaware Workmen's Compensation Act, Code 1935, § 6071 et seq., to a child will not be given in the absence of proof of actual dependency.

The defendant relies upon the following language in *Children's Bureau* v. *Nissen*, 3 *Terry* 209, 29 *A. 2d* 603, 609: "The act is not, however, based on eleemosynary principles, but upon the fundamentals of injury or death arising out of or in the course of employment, and reliance upon the employee's earnings for support. Indiscriminate awards of compensation, based on uncertain evidence, or on sympathy, are not in the public interest."

However, that case was concerned with the questions of whether or not the death for which compensation was sought had occurred within the scope of the deceased's employment, and whether or not the parents of the deceased were entitld to an award of compensation under the Act.

■ Irrespective of general principles governing the law and the reasons for its enactment, specific provisions of the act itself determine the basis on which awards may be made.

The defendant urges that the Act requires proof of actual de-

pendency in all cases except in the case of a widow living with her husband at the time of his death. The defendant concedes that this provision is in effect the establishment of a conclusive presumption of dependency in the case of a widow living with her husband at the time of his death, but argues that the presumption so established in favor of a widow is the only presumption of dependency to be found in the Act.

This is to ignore the provisions of § 6081, subsection 9, paragraph 3, which establish a presumption of dependency in favor of stepchildren, adopted children and children to whom the deceased stood *in loco parentis,* if members of the deceased's household at the time of his death.

Furthermore, it seems to me that an additional presumption of dependency is found in the Act in § 6081, subsections 1, 2, 3, 4, 5, and 6. These subsections set forth the basis of compensation and the method of distribution to the widow or widower and children of the deceased. Subsections 1 to 6 make no specific requirement of dependency. Those subsections standing alone give a right to compensation to children solely on the basis of the relation of parent and child. It, therefore, follows that the subsections referred to establish a conclusive presumption of dependency in the case of all children of the deceased, unless by some subsequent provision of the Act the requirement of proof of actual dependency of children is required.

The defendant argues that such requirement is found in § 6081, subsection 9, paragraph 2, which provides in part that if the widow is not entitled to compensation, then "in such case compensation shall be distributed to persons who would be dependents in case there were no widow." A further requirement of actual dependency is found, the defendant urges, in § 6081, subsection 7, which provides in part that compensation shall be

paid to the widow for her benefit and for the benefit "of the dependent children."

The defendant cites in support of his position a number of cases from other jurisdictions which hold that under the Workmen's Compensation Laws of the jurisdictions involved, actual dependency is a requisite to an award. In all of the cases cited by the defendant, the statute of the state in which the court was sitting contained some particular provision which required the proving of actual dependency of children. None of those statutes were similar to the statute in this state which, apparently, gives an absolute right to an award upon the showing of the parent-child relationship.

Thus, in *Utah Fuel Co. v. Industrial Commission,* 80 *Utah* 301, 15 *P.* 2d 297, 86 *A. L. R.* 858, the Utah Act provided for the presumption of the dependency of a female child under the age of 18 and a male child under the age of 16, if living with the parent at the time of his death, and specifically required proof of actual dependency in all other cases.

In *Drouin v. Ellis C. Snodgrass Co.,* 138 *Me.* 145, 23 *A.* 2d 631, the Maine statute provided that children living with a parent at the time of his death, and under the age of 18, were conclusively presumed to be dependent, but as to all others proof of actual dependency was required.

In *Harding* v. *State Compensation Commission,* 114 *W. Va.* 817, 174 *S. E.* 328, the West Virginia statute specifically required proof of actual dependency in whole or in part for all children of the employee.

In *Ocean Accident & Guarantee Corp.* v. *Industial Commission,* 34 *Ariz.* 175, 269 *P.* 77 the Arizona statute provided that as to children living with the parent at the time of his death, there

should be a presumption of dependency but that as to all others, dependency must actually be proven.

In *Roberts* v. *Whaley,* 192 *Mich.* 133, 158 *N. W.* 209, *L. R. A.* 1918A, 189, the Michigan Act provided that benefits should be paid to "dependents."

Similarly, *Glaze* v. *Hart,* 225 *Mo. App.* 1205, 36 *S. W.* 2d 684; *Lloyd-McAlpine Logging Co.* v. *Industrial Commission,* 188 *Wis.* 642, 206 *N. W.* 914; and *Colorado Fuel & Iron Co.* v. *Industrial Commission,* 90 *Colo.* 330, 9 *P.* 2d 285, may be distinguished from the case at bar by reason of specific provisions as to dependency in the statutes of the states in which those cases arose.

I do not think, therefore, that the authorities cited in support of the defendant's position that dependency under the Delaware law is a matter of proof except in the case of a widow living with her husband at the time of his death, are persuasive.

On behalf of the child, Jerome Powell Hill, it is urged that § 6081, subsections 1 to 6 inclusive, provide that an award of compensation shall be made to all children of the deceased irrespective of whether or not actual dependency in whole or in part existed.

It is contended that the use of the word "dependent" in definition of the word "children," which is found in subparagraph 7 of § 6081, is not a limitation on the unconditional grant contained in the first six subsections, but that the word "dependent" is descriptive only and refers to those children who are entitled to benefits under the first six subsections. A number of Pennsylvania cases are cited in support of the argument on behalf of the minor child to the effect that actual dependency need not be shown to entitle him to an award.

The Pennsylvania courts seem to have held consistently that similar language in the Pennsylvania act entitles the legitimate

children of the deceased to compensation under the Workmen's Compensation Law, irrespective of actual dependency upon the deceased parent. *Polasky v. Philadelphia & Reading Coal & Iron Co.,* 82 *Pa. Super.* 182; *Logan* v. *Pot-Ridge Coal Co.,* 79 *Pa. Super.* 421; *Morris* v. *Glen Alden Coal Co.,* 136 *Pa. Super.* 132, 7 *A.* 2d 126; and *Nordmark v. Indian Queen Hotel Co.,* 104 *Pa. Super.* 139, 159 *A.* 200.

■ I cannot find any distinguishing feature in this respect between the law of this state and the law of Pennsylvania. The Delaware statute having initially given an unqualified right to compensation to the children of the deceased parent has not by any other section made any clear limitation upon that right. Any such limitation must rest upon the construction of the subsequent use of the phrase "dependent children" and must infer from that phrase alone a limitation to the effect that the unqualified right given children of the deceased is circumscribed by the requirement that they must actually be dependent on the parent.

That such an inference is not permissible becomes apparent when the result is considered. If defendant is correct, it would follow that even with respect to the deceased's own children who are members of his household at the time of his death, proof of actual dependency would have to be made. Yet, with respect to stepchildren, adopted children, and children to whom the deceased stood *in loco parentis* no such proof would be required if they were members of the household at the time of death. A construction of the statute which would so benefit strangers to the deceased's blood and penalize his own offspring does violence to the natural impulses of man. I cannot believe that the legislature intended such a result.

While no case of this state has been called to my attention determining the precise point before me, the nearest approach to it is found in the opinion in *Koeppel v. E. I. DuPont de Ne-*

*mours* & *Co.*, 7 *W*. *W*. *Harr.* 369, 183 *A.* 516, 518, affirmed 8 *W*. *W*. *Harr.* 542, 194 *A.* 847, where it is said: "Perhaps the first question to be briefly considered is, Into what class falls the determination of the question of dependency? The great weight of authority is to the effect that dependency is a question of fact and not of law. An examination of many of the cases, however, discloses that this determination was arrived at by drawing a distinction between a presumptive dependency on the one hand and what we may call a 'factual' dependency on the other. Of course, where neither the Statute nor the decisional law has established any presumptive dependency, then such dependency must be established as a fact in every case. Such is the law in England. In Delaware, however, the word 'dependent' is a qualification attached to every class of claimant except that of a wife living with her husband or of children under the age of 16 years. In these two classes dependency is not a requirement so there is a clear indication of presumptive dependency."

█ It is, therefore, clear that the Delaware Act provides an unqualified right to an award to the children of the deceased. This right exists because of the parent-child relationship. No proof of dependency is required to support it. The relationship alone classifies the children as "dependents" within the meaning of the Act.

The award of compensation for the benefit of Jerome Powell Hill is, therefore, affirmed.