265 P.2d 390

EARLEY et al.

v.

INDUSTRIAL COMMISSION et al.

No. 8074.

Supreme Court of Utah.

Dec. 30, 1953.

8. Campbell Bldg. Co. v. State Road Commission, 95 Utah 242, 70 P.2d 857.

9. Section 63–6–7, U.C.A.1953.

Moreton, Christensen & Christensen, Salt Lake City, for plaintiffs.

E. R. Callister, Jr., Atty. Gen., Peter M. Lowe, Deputy Atty. Gen., Jones & Jones, Salt Lake City, for defendants.

HENRIOD, Justice.

Review of an Industrial Commission denial of compensation to a wife and three minor daughters, ages 9, 5 and 4. Affirmed as to the wife's claim and reversed as to the children's. Costs to minor plaintiffs.

Mrs. M, resident of Napa, California, had lived for 15 years before May 1, 1951, with her husband, who, until the time she started to work was the sole support of her and the children. In December, 1950, she began work as a psychiatric technician for the County Hospital at $180 per month, later increased to $220. Between four and five months later, on May 1, 1951, Mr. M left home and the state and was not heard of thereafter during his lifetime, except for a letter he wrote from Reno, Nevada, requesting some tools, to which Mrs. M responded, requesting no assistance from M except that he furnish the wherewithal to ship the tools. A month after his departure, Mrs. M filed for divorce. Personal service being unavailable, she prepared to

210

publish summons when, on September 29, 1951, after obtaining a job as private detective, M died in an auto accident in the course of his employment. About two weeks later, Mrs. M married one E, a fellow psychiatric technician, who since has contributed to Mrs. M's and the children's support.

Defendants urge 1) that decedent was not related to the plaintiffs (the Commission finding otherwise, with which we agree), and 2) that the plaintiffs were not the deceased's dependents under our Workmen's Compensation Act,[1] which presumes total dependency a) of a wife living with her husband at the time of his death, and b) of children i) living with the parent at the time of death, or ii) where the parent is legally bound for their support at such time.

Mrs. M obviously is not aided by the presumption, and the facts hardly justify a finding of dependence on her husband.

Plaintiffs urge that the statutory presumption in favor of the children is conclusive and defendants urge it is not, and that the evidence successfully not only rebutted such presumption but established nondependency. Thus, squarely we must meet and determine the issue here presented. We are cognizant of the able argument of defendants' counsel that presumptions ordinarily are rebuttable, as this court frequently has said, and that once rebutted they disappear. It must be conceded, however, that a statutory presumption made conclusive expressly or by necessary implication, in the nature of things cannot be rebutted. If the presumption be conclusive it must be determined so by construction of the language of the statute itself.

We believe and hold that the statute contemplates the creation of a conclusive presumption of dependency of children upon a parent who dies at a time when he is legally bound to support them. There is no doubt that the father here, legally, was so bound, and the circumstances of a five month absence without furnishing that which he ought to have furnished, did not lessen or destroy that burden, but increased that duty which he carried to the grave. Were we to decide otherwise we would do violence to the plain implications and purpose of the statute,—to provide support to

1. Title 35-1-71, U.C.A.1953: "The following persons shall be presumed to be wholly dependent for support upon a deceased employee: (1) A wife upon a husband with whom she lives at the time of his death. (2) Children under the age of 18 years or over such age, if physically or mentally incapacitated, upon the parent, with whom they are living at the time of the death of such parent, or *who is legally bound for their support.*

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury * * *."

children where the advent of death has cut short that which had been furnished or legally might have been required. Any other interpretation would lead to results quite inimical to the spirit and letter of the Act for a deserted child would have no entitlement as a dependent if, at the time of his father's death, he was receiving support from relatives, or from private or public charity, the while a child supported handsomely by a father with whom he was. living at the time of death, would become the beneficiary of an award under the Act,—resulting in a paternal dereliction becoming a pitfall for an innocent offspring who may be a public charge, while placing a premium on the good fortune of an undeserted child having all the advantages of a happy home and parents of good faith. Furthermore, whether a child was being supported by someone on the date of death would be determinative of dependency although he may be destitute a day before or a day after.

Our conclusion is not without support in the language of the statute itself, and finds agreement among competent authority:

The Act provides that "In all other cases [where the presumption is inoperative], the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case * * *" language inconsistent with the idea of non-conclusiveness of the expressed antecedent presumption. Such interpretation of similar language is given the Kentucky statute.[2] A respected member of our own court, in a concurring opinion which admittedly was obiter, expressed the view we now espouse.[3]

We hold as we do without any attempt to distinguish, modify, explain, clarify or interpret decisions gone before, and to the extent that any may be inconsistent with our conclusion that the Act raises an irrebuttable presumption that children are dependent upon a parent who is legally bound for their support at the time of the parent's death, they are reversed. In deciding as we do, we are quite cognizant that there may exist the rare happenstance where an abandoned child might become a beneficiary under the Act even though he may have an estate in his own right which well might serve as a substitute for the support which nonetheless his parents owe him. In social legislation such as this, it would seem that the neglected and less fortunate should not be foreclosed where a fair and reasonable interpretation of the Act will protect them, even though in the rare in-

---

2. Jones v. Louisville Gas & Electric Co., 209 Ky. 642, 273 S.W. 494. See also reasoning in Wilson v. Hill, 6 Terry 251, 71 A.2d 425.

3. Campton v. Industrial Commission, 106 Utah 571, 151 P.2d 189, 154 A.L.R. 691.

stance mentioned an award may find its way to one more fortunate.

CROCKETT and WADE, JJ., concur.

McDONOUGH, Justice.

I concur in the result. I place my concurrence upon the ground that under the uncontradicted evidence in this case the minor children of the decedent employee were, at the time of his death, in fact, dependent upon him within the meaning of the Workmen's Compensation Act of this State. The persuasive facts which, in my opinion, compel such conclusion are these: The minor children were mere infants. The husband and father had left home less than five months prior to his death. His wife had been working for an equally short period of time prior to his departure from home. It does not appear whether or not, in the interim between the time the husband left home and his death, he had the ability to support his wife and children. His wife did not marry until subsequent to his death. Under these facts the words that Mr. Justice Thurman speaking for this Court in the case of McGarry v. Industrial Comm., 64 Utah 592, 232 P. 1090, 1093, 39 A.L.R. 306, while perhaps unnecessary to the decision in that case, are peculiarly apt:

"We are inclined to the view intimated in our former opinion, that where a mere infant, incapable of supporting itself and not competent either to claim or waive a right under the law, is abandoned by its father, whose duty under the law during his life was to support the child, such child, upon its father's death, within the purview of the Utah Industrial Act, becomes an actual dependent without regard to the question as to whether he has received or had the promise of support."

This observation was made prior to the amendment of the statute applying the presumption of dependency of children under 18 years of age upon a person legally bound for their support.

It is to be further observed that the evidence is not such as to justify an inference that the father had in fact abandoned his children, or that the mother had any opportunity to enforce their legal rights. Hence, a conclusion that he would not voluntarily discharge his duty or that his wife would not enforce the rights of her children is unreasonable. The mere fact that subsequent to the father's death the step-father assumed, in part at least, the prior obligation of the father is immaterial, Kramer v. Tone Bros., 198 Iowa 1140, 199 N.W. 985.

I place my concurrence upon the foregoing grounds because I am not persuaded that the presumption of 35-1-71, U.C.A., 1953, is a conclusive one. The intimations of previous cases are to the contrary, if indeed our holdings have not been. See Campton v. Industrial Comm., 106 Utah 571, 151 P.2d 189, 154 A.L.R. 691. Furthermore, at the time of the enactment of our Workmen's Compensation Act in 1917,

Chap. 100, Laws of Utah 1917, very many states whose statutes must have been examined in the drafting of our original act, specifically provided that the presumption of dependency of a wife and children in specified categories is a conclusive presumption. See cases cited in annotations in 30 A.L.R. 1253–1263, 35 A.L.R. 1066 at 1071, 39 A.L.R. 313 at 317, 53 A.L.R. 218 at 223, 62 A.L.R. 160 at 166, 100 A.L.R. 1090. Our neighboring state of California had so provided some years before. Statutes and Amendments to the Codes of California 1913, Chap. 176, Sec. 19. Idaho, which adopted a Workmen's Compensation Act in the same year as Utah, made such presumption conclusive as to children under the age of 18 years. See Chap. 81, Laws of Idaho 1917, pp. 252 and 256. In such situation, had our legislature intended to make the presumption conclusive, it might well have said so.

The prevailing opinion reasons that since our compensation act provides that "in all other cases [where the presumption is inoperative], the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case * * *", the presumption referred to in the paragraphs of the section quoted from, which precede that quotation, is necessarily conclusive. It asserts that the quoted words are inconsistent with the idea of a non-conclusive presumption. I am unable to so conclude. The quoted words lend no light to my mind in determining whether the presumption referred to is a conclusive one or merely obviates the necessity of introducing evidence relative thereto upon the part of the applicant. They are quite as consistent with one concept as with the other.

WOLFE, C. J., not participating.