ROGER LEE ATKINS B/N/F, Plaintiff in Error,

*v.*

EMPLOYERS MUTUAL INS. Co. et al., Defendants in Error.

(*Knoxville,* September Term, (May Session) 1960.)

Opinion filed May 26, 1961.

Earl S. Ailor, Knoxville, for plaintiff in error.

W. E. Fitzgerald, Knoxville, for defendants in error.

Mr. Justice Swepston delivered the opinion of the Court.

This is a contest between adverse claimants to the death benefits under the Workmen's Compensation Act arising out of the death of Roy Lee Atkins on August 21, 1959. The insurance carrier is merely a stakeholder, ready to pay the money as the Court may adjudge.

The contest is between the lawful son, age 6, of the deceased workman, who claims the entire benefits, and the two children, ages 10 and 12 respectively, of a married woman who for a short time prior to the death of decedent, lived with him as his common law wife in the State of Florida and during which time her children were at least partially supported by decedent as members of the family unit. The trial judge held that these two children not related to decedent were actual dependents of his and

that they, along with the legal son of the decedent, should share equally in the award.

The two assignments of error in behalf of the lawful son are (1) that the trial judge erred in not finding that the two children not related to decedent were conclusively presumed to be dependents of their father, David Smith, and (2) the court erred in not finding that the lawful son of the deceased was the only lawful dependent at the time of his death and entitled to exclusive benefits.

The material facts are as follows: Thelma Jean Barrs was first married to David Smith and her two children are of that marriage. She was divorced from Smith in 1952. In 1953 she was married to Barrs and is still legally married to him. The decedent, Roy Lee Atkins, was divorced from his wife in June of 1958, after which he and Mrs. Barrs commenced living together in a common law relationship as man and wife in Miami, Florida, and her two children lived with them; they made purchase of property together as though they were man and wife and there is evidence that he reported these children as his dependents in his tax report for 1958. She claims that she and the two children were totally dependent upon the deceased from the latter part of June, 1959.

With reference to the second assignment of error, Mrs. Barrs first made a claim for herself and her two children and later abandoned the claim in behalf of herself. At one stage of the development of the claim after the death of the employee, she signed an affidavit stating that neither she nor the two children were dependents of the decedent; she also made the statement that they were not entitled to any of the proceeds. However, she repudiated this part of the affidavit in her testimony and, of

course, her statement that none of them were entitled to the benefits was a conclusion of law which is not binding on her or anybody else. Although she did make this affidavit, there was material evidence to support the claim of dependency of the children and of herself for that matter, and the circuit judge having so found them to be actual dependents, concludes the matter so far as this Court is concerned.

■ Under our statute actual dependency is the test and it is provided for under T.C.A. sec. 50-1013(a) (3) and (c) (13) included are illegitimates. *Portin v. Portin,* 1923, 149 Tenn. 530, 261 S.W. 362; *Cherokee Brick Co. v. Bishop,* 1927, 156 Tenn. 168, 299 S.W. 770; *Royal Indemnity Co. v. Jackson,* 1957, 201 Tenn. 500, 300 S.W.2d 893.

Included also are unrelated children. *Wilmoth v. Phoenix Utility Co.,* 1934, 168 Tenn. 95, 75 S.W.2d 48, and other cases cited under Anno. 42, 351 of T.C.A. sec. 50-1013.

Actual dependency of the child governs.

■ Of course, it is fundamental that the mother of these two children could not waive their legal rights nor could her meretricious relationship with the decedent prejudice them in regard to the question involved here. The trial judge gave careful consideration to this case and he cited two out-of-state cases which are very much in point. *Campton v. Industrial Commission,* 106 Utah 571, 151 P.2d 189, 154 A.L.R. 691; *Moore Shipbuilding Corp. v. Industrial Accident Commission,* 185 Cal. 200, 196 P. 257, 13 A.L.R. 676. Both of these cases hold that the bad faith relationship between the mother and the paramour could not be imputed to the detriment of the child.

It is accordingly necessary to overrule the second assignment of error.

██ The first assignment of error must also be overruled because of what has just been said heretofore that in the case of children not related to the workman the test is actual dependency. For the further reason also that even though the father of these two children was ordered in the divorce proceeding to provide them with support and he thus became legally liable for same, it would make no difference even if they had received some support from him. Under the recent case of *Wamser, Stewart & Vaughn, Inc. v. Teasley*, 1959, 205 Tenn. 78, 325 S.W.2d 540, it was held that a claimant may be a dependent even though receiving other income from claimant's own work, from property or from other persons *on whom claimant is also dependent.*

The judgment of the lower court is affirmed.

All concur.