**ROCKY MOUNTAIN HELICOPTER, INC., and National Union Fire Insurance Company, Plaintiffs,**

v.

**Shannon Marie CARTER and Brian William Carter, Minor Children of Thomas R. Carter, Deceased, Defendants.**

**No. 17659.**

Supreme Court of Utah.

July 15, 1982.

Stuart L. Poelman of Snow, Christensen & Martineau, Salt Lake City, for plaintiffs.

Jay Meservy, Salt Lake City, for defendants.

DURHAM, Justice:

This appeal is from an order of the Industrial Commission which found that the defendants are entitled to benefits under Utah's Workmen's Compensation Law. The plaintiffs, the employer of the defendants' deceased father and the employer's insurer, allege error in the Commission's construction of § 35-1-71, U.C.A., 1953.

The parties are agreed as to the essential facts. Thomas and Jan Carter were divorced in September, 1972. There were two children of the marriage, Shannon and Brian, the defendants. The Decree of Divorce provided that Jan Carter have custody of the children and that Thomas provide $15 per week per child and pay all reasonable medical and dental expenses for the children. On October 8, 1979, Thomas Carter was fatally injured in an accident during the course of his employment with Rocky Mountain Helicopter, Inc. Jan Carter was employed and was providing entirely for the support of herself and the children as Thomas Carter had paid no child support for approximately 2 years prior to his death. Although the children were not, in fact, wholly dependent upon the deceased, the Commission found that the statute created an irrebuttable presumption that the children were wholly dependent as a matter of law and, therefore, ruled that they were entitled to compensation under § 35-1-71 U.C.A., 1953.

The plaintiffs allege that the Commission erred in finding an irrebuttable presumption, arguing that the presumption of whole dependency is rebuttable. Section 35-1-71(1), U.C.A., 1953 now provides as follows:

The following persons shall be presumed to be wholly dependent for support upon a deceased employee:

(1) Children under the age of eighteen years or over such age, if physically or mentally incapacitated and dependent upon the parent, with whom they are living at the time of the death of such parent, or who is legally bound for their support.

Since portions of § 35-1-71 were amended by the 1979 legislature, the statute has not been construed by this Court. Before we can do so, it is necessary to review the cases in which we construed the prior statute. Section 42-1-67 U.C.A., 1943, and then § 35-1-71 U.C.A., 1953 stated:

The following persons shall be presumed to be wholly dependent for support upon a deceased employee:

\*  \*  \*  \*  \*  \*

(2) Children under the age of eighteen years or over such age, if physically or mentally incapacitated, upon the parent, with whom they are living at the time of the death of such parent, or who is legally bound for support.

In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of

such employee, but no person shall be considered as a dependent unless he is a member of the family of the deceased employee, or bears to him the relation of husband or wife, lineal descendant, ancestor, or brother or sister.

In *Campton v. Industrial Commission,* 106 Utah 571, 151 P.2d 189 (1944), this statute was applied where the claimants were the minor children of a woman who was not married to the decedent at the time of his death. The evidence showed that the decedent held her out as his wife and claimed her two children as his own for a period of six years. In all ways, he supported and cared for them as his family until his death. The evidence also showed that the children's natural father, from whom their mother had never been divorced, had not supported the children or their mother since the parents' separation. The Commission denied the children's claim, ruling that because the father had a legal obligation to support the children and because that obligation could have been enforced through the Servicemen's Allotment Act, the children were presumed dependent on their father and therefore could not be dependent on the deceased. This Court set aside the Commission's denial, finding that the presumption of dependency of a minor upon a parent legally obligated for his support arises under the statute *only* where the minor's "dependency upon a *deceased employee* is the subject of investigation." 106 Utah at 576, 151 P.2d at 191. In that case, the legally obligated parent was not the deceased employee, so the presumption of dependency did not arise and could not bar a determination of dependency on the deceased. This Court pointed out that if there were no presumption at all under the Workmen's Compensation Act, Utah law would still obligate a father to support his children. This obligation is not the same as actual dependency, nor is it the same as the presumption of dependency which arises under the statute when the parent is the deceased employee. "Thus, if Vaughn, the father of the minors (who had contributed nothing to their support for six years), were employed in Utah and met death in the course of his employment, the minors could claim the benefit of the presumption in a compensation proceeding." *Id.*

That is precisely the situation in the instant case. The minor children have actually been dependent on their mother, but under Utah law their father continued to be "legally bound for their support" under § 78–45–3 U.C.A., 1953, regardless of his relationship with their mother, his failure to perform under the decree of divorce, or the provisions of the Workmen's Compensation Act. This obligation, alone, is not a basis for an award under the Workman's Compensation Act. However, in the quotation from *Campton,* above, we stated that when a non-supporting but legally bound father is the deceased employee under consideration, the minor children may claim the benefit of the statutory presumption.

The nature of the statutory presumption of dependency was the issue squarely addressed in *Early v. Industrial Commission,* 1 Utah 2d 208, 265 P.2d 390 (1953). In *Earley,* this Court considered the claims of the minor children of a deceased employee who had been separated from the children and their mother for approximately five months at the time of his death. The evidence showed that the deceased father had not contributed to their support during that period. The Commission denied compensation, finding no actual dependency. This Court reversed, construing the same statute:

> We believe and hold that the statute contemplates the creation of a conclusive presumption of dependency of children upon a parent who dies at a time when he is legally bound to support them . . . . Were we to decide otherwise we would do violence to the plain implications and purpose of the statute, to provide support to children where the advent of death has cut short that which had been furnished *or legally might have been required.*

1 Utah 2d at 210, 265 P.2d at 391 (emphasis added). Thus, it is clear that under the former statute, the claimants in the instant case would be entitled to compensation. The question remains whether the legisla-

ture, in its 1979 amendments, intended to eliminate the presumption in the old statute which we found to be conclusive.

In 1979, the legislature amended § 35–1–71 by redesignating subdivision (2) as subdivision (1) and by adding the words "and dependent" to the phrase "if physically or mentally incapacitated." The plaintiffs argue that because the 1979 legislature added subdivision (2)(b)(iv), which contains a conclusive presumption for spouses, to § 35–1–68, that the legislature's failure to add the word "conclusive" to § 35–1–71(1) shows its intention to make the presumption rebuttable. The rule is to the contrary:

> A well-established canon of statutory construction provides that where a legislature amends a portion of a statute but leaves other portions unamended, or re-enacts them without change, the legislature is presumed to have been satisfied with prior judicial constructions of the unchanged portions of the statute and to have adopted them as consistent with its own intent.

*Christensen and State Insurance Fund v. Industrial Commission and Morrison,* 642 P.2d 755 (citations omitted). The 1979 legislature made extensive changes in § 35–1–68 but only slight modifications in § 35–1–71. We must assume that these changes were deliberate. The greatest change in § 35–1–71 was the elimination of the old subdivision (1) which is not at issue here. The two new words are clearly part of the phrase "if physically or mentally incapacitated" and appear intended to prevent awards of compensation in situations where the child beyond minority is not actually dependent on the parent. Except for the redesignation as subdivision (2) and the two-word addition, § 35–1–71(1) is word for word, comma for comma, the duplicate of its predecessor. *Campton* suggested and *Earley* clearly indicated this Court's interpretation of the old statute as providing a conclusive presumption of whole dependency for minor children of a deceased employee legally bound for their support without regard to the existence of actual support by that parent. Under the rule of statutory construction, stated above, we hold that the

legislature, by re-enacting this subdivision without substantial change, intended to approve and adopt the conclusive presumption found earlier by this Court. Had the legislature disapproved of that construction, it could have implemented its intention with further additions, deletions or modifications. It chose not to do so.

We hold, therefore, that the Commission was correct in awarding compensation to the dependent children on the basis of an irrebuttable presumption of whole dependency in § 35–1–71. This conclusion is further supported by considerations of public policy. It does not appear to have been the intention of the legislature, nor is it a reasonable construction of the law, to exclude from its protection minor children who have had the misfortune of being neglected by an irresponsible parent.

Affirmed with costs awarded to the defendants.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.