Anita Lane PERSON, Sidney William Lewis Person, Cynthia April Person, and Sidney Council Person, III, Minors by Next Friend and Father, Sidney C. Person, Jr.; and Michelle Rene Bostick, A Minor, by Next Friend and Mother Paula Jean Person, Plaintiffs-Appellees,

v.

SAFECO INSURANCE COMPANY, Defendant-Appellant.

Mary Cornelia SKINNER, Plaintiff-Appellee,

v.

SAFECO INSURANCE COMPANY, Defendant-Appellant.

Supreme Court of Tennessee.

Aug. 16, 1982.

Max D. Lucas, Jr., Memphis, for defendant-appellant.

John S. Porter, John R. McCarroll, Jr., Clare M. Orman, Memphis, for plaintiffs-appellees.

## OPINION

BROCK, Justice.

This is an action to recover death benefits under the Worker's Compensation Act for the death of the employee, Cornelia Skinner Person. The trial court found that the death of the employee arose out of and in the course of her employment and that the minor plaintiffs were partial dependents and he awarded death benefits accordingly.

On appeal, the defendant asserts that the death of the employee did not arise out of and in the course of her employment, that the minor plaintiffs were not partial defendants of the deceased employee and that the trial court did not correctly compute the benefits due the minor plaintiffs.

Cornelia Skinner Person, the deceased employee, was an office employee of Piper's Exxon Distributing Company and was on duty in the office of her employer located on the south side of U. S. Highway 72 near the intersection of that highway with State Highway 57 in Collierville, Shelby County, Tennessee, when she received the injuries resulting in her death. The employer's office building was approximately 20 feet wide and 40 feet deep; gasoline pumps were located between the front of the building and the curb of U. S. Highway 72 and on the opposite side of U. S. Highway 72 was a parking lot for a shopping center.

The deceased employee was sitting at her desk which was located in the northeast corner of the building, approximately 3 to 4 feet from the front of the building, when a pickup truck, operated by Charles Wilson, accompanied by Cora Diane Jamerson, was driven from the parking lot, located on the opposite side of U. S. Highway 72, across Highway 72 and the curb on the south side of the highway, striking the gasoline pumps in front of the employer's building, and was driven with great force and violence approximately 16 feet into and through the building of the employer, striking and killing the employee, Cornelia Skinner Person.

The passenger in the truck, Cora Diane Jamerson, was the adopted daughter of a former employee of Piper's Exxon who had been accidentally killed in the employ of Piper. Cora Jamerson had been to the office of Piper's Exxon a number of times prior to the death of Cornelia Skinner Person, seeking the aid of the latter in the handling of a claim arising out of the accidental death of her adoptive father and apparently was displeased with the manner in which the claim had been handled. Frank Piper, Jr., the owner of Piper's Exxon, expressed the opinion that the driver of the truck, Charles Wilson, and Cora Diane Jamerson, his passenger, had conspired to "get" Cornelia Skinner Person and Frank Piper, Jr.

Upon the foregoing facts which are undisputed and upon the authority of *Bell v. Kelso Oil Co.*, Tenn., 597 S.W.2d 731 (1980) and cases therein cited, we affirm the determination of the trial court that the death of the employee in this case was accidental and arose out of and in the course of her employment. Here, as in the *Bell* case, it was the employment which subjected the deceased employee to the hazard of the assault; also, the motive of the assailant to make the assault arose out of the nature of the work. It was the employee's work environment which subjected her to the assault; Ms. Jamerson's anger arising out of the deceased employee's handling of a claim for the accidental death of Ms. Jamerson's adoptive father motivated the assault. Thus, we conclude here, as we did in *Bell*, that the assault, injuries and death have a rational causal connection to the work and occurred while the employee was engaged in the performance of her duties; we hold, therefore, that the trial court was correct in holding this claim to be compensable.

Four of the minor plaintiffs, Anita, Sidney William, Cynthia, and Sidney Council, were grandchildren of the decedent. A Michelle Bostick, the other minor plaintiff, has no relationship to the deceased employee but is the daughter of Paula Jean Person and the stepdaughter of Sidney C. Person, the deceased's son. Mary Cornelia Skinner, the adult plaintiff, whose case was filed after that of the minor plaintiffs but was ordered to be consolidated with the first

case, is the mother of the deceased employee.

We find evidence in the record to support the finding of the trial court that each of the minor plaintiffs was a partial dependent of the deceased employee. *See:* T.C.A., § 50–1013(a)(3), (b). Children, although unrelated to the deceased employee, are entitled to compensation if actually dependent. *Atkins v. Employers Mut. Ins. Co.*, 208 Tenn. 539, 347 S.W.2d 49 (1961). The determination of such factual issues by the trial judge is binding upon this Court when supported by material evidence.

Finally, in our opinion, the decree of the trial court, as finally amended, correctly calculates the benefits for each minor plaintiff in accordance with the formula and guidelines set out in T.C.A., § 50–1013(c) as construed by us in *Sullivan Elec. Co. v. McDonald*, Tenn., 541 S.W.2d 112 (1976), is based upon material evidence, and must be affirmed.

The judgment of the trial court is affirmed and costs incurred upon appeal are assessed against the appellant.

HARBISON, C. J., and COOPER and DROWOTA, JJ., concur.

FONES, J., not participating.