Tamara Renee WENGERT and Brandi Colleen Wengert, children of Janet D. Wengert, and James Ellis Wengert (deceased), Plaintiffs,

v.

DOUBLE OO HOT SHOT, and State Insurance Fund, Defendants.

No. 18571.

Supreme Court of Utah.

Jan. 13, 1983.

Timothy W. Blackburn, Ogden, for plaintiffs.

David L. Wilkinson and Frank V. Nelson, Salt Lake City, for defendants.

PER CURIAM:

This is a petition for writ of review of an order of the Industrial Commission. Plaintiffs contend that the Commission erred in denying their motion to review the order of an administrative law judge which awarded death benefits to individuals who were not "dependents" of the victim of an industrial accident under U.C.A., 1953, § 35–1–71.

On November 23, 1981, James Wengert was killed in an industrial accident near Vernal, Utah. A claim was filed with the Commission and dispute arose among children, stepchildren, and wives as to who should share in the benefits.

James and Janet Wengert were married on June 5, 1971, and they had two children: Tamara Renee and Brandi Colleen. James and Janet were divorced on November 4,

1974.[1] The two children now live with their mother in Denver, Colorado.

James and Donna Wengert were married on December 27, 1974, and they also had two children: Tanya Laurene and Tina Jo. James and Donna were divorced on May 28, 1980.

Before divorcing Donna, James married Vickie Wengert on April 9, 1980. Into that "marriage," James brought his children Tanya Laurene and Tina Jo. Vickie also brought in children from a previous marriage: Cody Ray Jackson and Cole R. Jackson. Later, James and Vickie had one child of their own: Tyleea J.

Vickie Wengert filed a claim for workmen's compensation benefits following James' fatal accident. After gathering appropriate documents (death certificate, birth certificates, divorce decrees, etc.), the administrative law judge entered findings of fact and conclusions of law. The judge ruled that neither Janet nor Donna were entitled to benefits because of the decrees of divorce and that Vickie was not entitled to benefits because her marriage to the deceased was invalid. (James was already married to Donna at the time.) However, the judge did award Vickie "the sum of $1,744 which represents accrued benefits for eight weeks[2] and $1,000 for burial allowance." The remaining benefits were ordered to be divided equally among James' own five children and his two stepchildren.

At that juncture, counsel for plaintiffs filed a motion for review with the Commission. It was alleged therein that neither Vickie nor her children from her previous marriage were entitled to any benefits.[3] Vickie filed an affidavit stating that

"James Ellis Wengert was the sole support of [Cody and Cole Jackson] with affiant receiving no child support from the natural father." On April 28, 1982, the Commission denied the motion for review after discussing the facts. The Commission found that Cody and Cole Jackson were living with the deceased as part of his family and that they were fully dependent upon him.

 This case is controlled by *Campton v. Industrial Commission.*[4] In that case, the Court interpreted the predecessor of U.C.A., 1953, § 35–1–71 and set aside an order of the Commission denying compensation to minors who were not children of the deceased. The Court said that although the presumption of the statute did not apply the Commission should decide as a factual matter whether the minors were dependent on the deceased. In the instant case, the Commission made such a factual finding to the effect that the Jackson children were dependents. This Court will not review findings of fact made by the Commission unless there is an obvious abuse of discretion or the ruling is contrary to the evidence.[5] Although plaintiffs allege that "[t]he children's natural father was paying sporadic child support," there was evidence in the form of an affidavit that the Jackson children derived their sole support from the deceased. Although the children lived with the deceased for less than two years, the Commission concluded that they were a part of the Wengert household and were entitled to share in benefits.

 As indicated *supra,* the Commission awarded Vickie "accrued benefits" and "burial allowance," totaling $2,744. Since (as found by the Commission) Vickie's mar-

---

1. By nunc pro tunc order of a Colorado decree signed December 30, 1974. The decree required James to provide for the support of the minor children.

2. Presumably from the time the claim was filed and the decision rendered, based on the deceased's weekly income.

3. The argument was that they did not fall within the definition of "dependents" under U.C.A., 1953, § 35–1–71.

4. 106 Utah 571, 151 P.2d 189 (1944), recently cited with approval in *Rocky Mountain Helicopter v. Carter,* Utah, 652 P.2d 893 (1982).

5. *Savage v. Industrial Commission,* Utah, 565 P.2d 782 (1977).

riage to James was not valid, she is not entitled to share in the death benefits.[6] However, U.C.A., 1953, § 35–1–81 provides that "the industrial commission shall also require the employer or the insurance carrier to pay the burial expenses, in ordinary cases not exceeding the sum of $1,000." The record contains a statement for $2,780.47 from Thomson's Vernal Mortuary for "Funeral Services for James Ellis Wengert." In their motion for review filed with the Commission, plaintiffs alleged that it is their belief that "the funeral was donated and, therefore, no expenses were incurred." Because of this apparent dispute, the case is remanded for an appropriate determination as to the amount payable for burial expenses (if any), and to whom they are payable.

The Commission's decision with respect to the stepchildren is hereby affirmed. The award in favor of Vickie Wengert is set aside and the case is remanded for further determination consistent with this decision.

No costs awarded.

6. See Campton, *supra,* which cites *Schurler v. Industrial Commission,* 86 Utah 284, 43 P.2d 696 (1935), and *Sanders v. Industrial Commission,* 64 Utah 372, 230 P. 1026 (1924).